No. 29,421.

The State of Kansas, *Appellant*, v. E. P. Butler, *Appellee*.

(293 Pac. 756.)

Opinion filed December 6, 1930.

*William A. Smith,* attorney-general, *Frederick R. White,* county attorney, *Lee E. Weeks* and *D. E. Henderson,* both of Kansas City, for the appellant.

*Harry Hayward, F. H. Thompson, J. Earl Thomas* and *George H. West,* all of Kansas City, for the appellee.

The opinion of the court was delivered by

Burch, J.: The state appeals from adverse rulings made in the course of selection of the jury in a felony case.

Defendant was prosecuted as a persistent violator of the liquor law, and the punishment for the offense charged in the information was imprisonment at hard labor in the penitentiary for not more than one year. Defendant disclosed that he had been convicted of felony twice before, and made two contentions based on chapter 191 of the Laws of 1927: first, that in ascertaining whether a prospective juror believed the punishment to be severe, it was necessary to inform the juror the punishment would be imprisonment in the penitentiary for life; and second, that defendant was entitled to twelve peremptory challenges, because if convicted he would be sentenced to imprisonment in the penitentiary for life. The district court sustained these contentions, the state reserved both questions, the jurors called for examination were excused, and the case was con-

tinued to give the state opportunity to appeal. The statute referred to reads as follows:

"Every person convicted a second time of felony, the punishment of which is confinement in the penitentiary, shall be confined in the penitentiary not less than double the time of the first conviction; and if convicted a third time of felony, he shall be confined in the penitentiary during his life. Judgment in such cases shall not be given for the increased penalty, unless the court shall find, from the record and other competent evidence, the fact of former convictions for felony committed by the prisoner, in or out of this state." (Laws 1927, ch. 191.)

This statute has nothing whatever to do with trial procedure. Not until the trial has been concluded, the defendant has been convicted of the offense charged, and the court reaches the subject of judgment, does the statute become operative. (*State v. Woodman*, 127 Kan. 166, 172, 272 Pac. 132.)

The pertinent provisions of the criminal code relating to trial are the following:

"62-1402. *Peremptory challenges by accused.* The defendant in every indictment or information shall be entitled to a peremptory challenge of jurors in the following cases, as follows: -

"*First.* If the offense charged is punishable with death, or by imprisonment in the penitentiary not less than for life, to the number of twelve, and no more.

"*Second.* If the offense be punishable by like imprisonment not less than a specified number of years, and no limit to the duration of such imprisonment is declared, to the number of eight, and no more.

"*Third.* In any other case punishable by imprisonment in the penitentiary, to the number of six, and no more.

"*Fourth.* In cases not punishable with death or imprisonment in the penitentiary, to the number of four, and no more.

"62-1404. *Jurors where offense punishable with death.* If the offense charged be punishable with death, any person entertaining such conscientious opinions as would preclude his finding the defendant guilty shall not serve as a juror.

"62-1405. *Juror who believes punishment too severe or entertains opinion precluding finding defendant guilty.* No person who believes the punishment fixed by the law to be too severe for the offense, or entertains any opinion that would preclude his finding the defendant guilty, shall be sworn as a juror.

"62-1406. *Injured person or relative incompetent as juror; challenges for cause.* Where any indictment or information alleges an offense against the person or property of another, neither the injured party nor any person of kin to him shall be a competent juror on the trial of such indictment or information; . . ."

- The second, third and fourth subdivisions of R. S. 62-1402 relate to the offense charged against the defendant in the indictment

or information as certainly as the first subdivision, and the word "charged" is implied after the word "offense" in R. S. 62-1405. The result is that when impaneling the jury, the court considers nothing but the penalty for the offense charged in the indictment or information. The court is not authorized, at that stage of the proceeding, to make any anticipatory finding concerning previous conviction of the defendant, whether based on offered record, or other competent evidence, or on defendant's admission; and the penalty for the offense charged furnishes the sole guide in ascertaining qualification of jurors, and in determining number of peremptory challenges.

The judgment is for the state on both questions reserved, and the district court is directed to conduct its proceedings according to the views which have been expressed.