No. 44,811

JOHN LEONARD MIZE, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(433 P. 2d 397)

Opinion filed November 13, 1967.

*Wayne E. Hundley,* of Topeka, argued the cause and was on the briefs for the appellant.

*Robert D. Hecht,* County Attorney, argued the cause, and *Robert C. Londerholm,* Attorney General, was with him on the briefs for the appellee.

The opinion of the court was delivered by

HATCHER, C.: This was a proceeding to vacate and set aside a sentence under the provisions of K. S. A. 60-1507.

On March 8, 1962, the petitioner was convicted of burglary in the second degree as defined by G. S. 1959 Supp., 21-520 and larceny as defined by G. S. 1949, 21-524. After due notice the petitioner was sentenced under G. S. 1949, 21-107*a* as an habitual criminal. (Statutory designation now K. S. A.)

On May 3, 1965, petitioner filed proceedings under K. S. A. 60-1507 seeking to have his conviction and sentence vacated and set aside. The trial court held a hearing after which it filed a well prepared memorandum decision on each issue presented and denied relief.

The petitioner has appealed to this court contending that the trial court erred in its ruling in three particulars which we will proceed to consider.

The appellant first contends that the trial court erred in refusing to grant appellant a full evidentiary hearing on the question of evidence obtained by illegal search and seizure. The trial court concluded:

"The petitioner is not entitled to relief on the ground that evidence was intro-

duced during the course of the aforesaid criminal trial which was obtained by an allegedly unlawful search and seizure in violation of petitioner's constitutional rights for the reason that petitioner's failure to object to the admission of said evidence on said constitutional ground during the entire course of said criminal trial, final judgment and sentencing, constitutes a waiver and procedural bar to the raising of said right under statute and case law of the State of Kansas."

We are forced to agree with the conclusion of the trial court. We have held in numerous cases that alleged trial errors not presented to trial court will not be reviewed on appeal. (See, *Jones v. Kansas City Embalming & Casket Co.*, 190 Kan. 51, 372 P. 2d 60; *Rexroad v. Kansas Power & Light Co.*, 192 Kan. 343, 388 P. 2d 832; *State v. Ireton*, 193 Kan. 206, 392 P. 2d 883; *State v. Hill*, 193 Kan. 512, 515, 394 P. 2d 106; *Williams v. Crouse*, 193 Kan. 526, 394 P. 2d 96, and *State v. Wolfe*, 194 Kan. 697, 401 P. 2d 917.)

It would serve no useful purpose to deny review on appeal because of the contemporaneous objection rule and then permit review by the more circuitous route under K. S. A. 60-1507 proceedings. The rule is necessary if a court is to be permitted to correct its own errors and litigation is to be brought to an end. The rule serves a legitimate state purpose.

We find no merit in appellant's suggestion that his court appointed counsel provided ineffective assistance. In *Hicks v. Hand*, 189 Kan. 415, 417, 369 P. 2d 250, we state:

"The guarantee of effective assistance of counsel does not guarantee the most capable or learned counsel possible, but only a competent and reputable member of the bar. (*Miller v. Hudspeth*, 164 Kan. 688, 192 P. 2d 147; and *Trugillo v. Edmondson*, 176 Kan. 195, 270 P. 2d 219.) In any event the burden is cast upon the petitioner to show that his counsel was so incompetent and inadequate in representing him that the total effect was that of a complete absence of counsel. (*Miller v. Hudspeth*, supra; and *Converse v. Hand*, 185 Kan. 112, 340 P. 2d 874.) The petitioner has not sustained this burden."

Appellant's attorney defending the original prosecution was an experienced attorney in criminal matters having served as assistant county attorney of Shawnee County, Kansas, and having represented numerous criminal defendants in the district court. Any action or inaction taken by him must be charged to strategy rather than ignorance of the law.

The appellant ends his alleged errors with the contention that the trial court erroneously refused to set aside the judgment and sentence for the reason he was restricted to only six peremptory challenges. Appellant makes no suggestion that the offenses for

which he was tried and convicted allowed him more than six such challenges but contends that as he faced a possible sentence of not less than fifteen years under the habitual criminal act he should have been allowed eight peremptory challenges under that part of K. S. A. 62-1402 which reads:

"If the offense be punishable by like imprisonment not less than a specified number of years, and no limit to the duration of such imprisonment is declared, to the number of eight, and no more."

We disposed of a similar question in *State v. Butler*, 131 Kan. 680, 293 Pac. 756, where we held:

"When the court is impaneling the jury in a felony case, the penalty for the offense charged in the indictment or information furnishes the criterion . . . for determining number of peremptory challenges."

A careful examination of the record discloses nothing that would justify our disturbing the findings and conclusions of the trial court.

The judgment is affirmed.

APPROVED BY THE COURT.