No. 47,871

STATE OF KANSAS, *Appellee*, v. WILLIAM L. MOORE, JR., *Appellant.*

(543 P. 2d 923)

Opinion filed December 13, 1975.

*Michael E. Foster*, of Anderson & Foster, of Valley Center (court-appointed), argued the cause and was on the brief for the appellant.

*Stephen E. Robison*, Assistant District Attorney, argued the cause, and *Curt T. Schneider*, Attorney General, *Keith Sanborn*, District Attorney, and *Stephen M. Joseph*, Assistant District Attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

KAUL, J.: Defendant-appellant (William L. Moore, Jr.) appeals from convictions by a jury of theft (K. S. A. 21-3701 [a]) and unlawful deprivation of property (K. S. A. 21-3705). Defendant was acquitted of a charge of burglary.

During the early morning hours of July 25, 1973, Kenny's Eastgate Mobile Service Station in Wichita was burglarized. Entry into the station was accomplished by breaking a windowpane. The burglary was discovered by an officer (J. D. Jones) on a routine building patrol about 4:30 a. m. The lessee-operator of the station, Kenneth Johnson, was summoned to the scene and determined that $150 in cash was missing. Mr. Johnson described the missing money as one ten-dollar bill, eleven five-dollar bills; fifty one-dollar bills; a roll of quarters; and a roll of dimes. Mr. Johnson informed the police that defendant had worked at his station intermittently for the past three years; and had been employed two weeks prior to

the burglary, but had quit and taken a job at another local filling station. Mr. Johnson also told the police that during the evening preceding the burglary Moore had been working on his automobile at the station until about 8 p. m. About 10 p. m. Johnson closed the station and left. Johnson owned a red jeep, which was parked outside the station when he left.

Charles Haskell, a Wichita Police Officer, called by the state, testified that while on patrol in the general vicinity of the Johnson station, during the early morning hours of July 25, 1973, he discovered an automobile in a ditch on Rock Road and a red jeep parked nearby. A man, later identified as defendant, was racing the automobile engine in an attempt to extricate it from the ditch. After a conversation with defendant about his predicament, Officer Haskell and defendant attached a rope from the jeep to defendant's automobile. Haskell got in the jeep and used it to pull defendant's automobile from the ditch. At defendant's request, Haskell then followed him as he returned the jeep to Kenny's Mobile Station. According to Haskell, defendant explained that he worked at the station and had walked down there to get the jeep in order to get his automobile out of the ditch. Haskell testified that he returned defendant to his automobile and parted company with him at approximately 4:10 a. m. As we have noted, the burglary was discovered by Officer Jones around 4:30 a. m.

Police knowledge that defendant had pled guilty to charges of burglary and theft of the same station about a year and a half prior to the incident in question and his association with the station aroused suspicion of defendant. Officers Jones and Haskell, accompanied by Detectives Brown and Rhodes, went to defendant's residence about 8:30 a. m.; they knocked on the front door and received no response. The officers then proceeded to walk around the house and looking through the window saw defendant lying on a bed and a considerable amount of money on the floor next to the bed. The officers returned to the front door and knocked louder, but still got no response. The officers discovered the door was unlocked; they entered the house; awakened defendant; and put him under arrest. Detective Brown testified that he advised defendant of his *Miranda* rights (*Miranda v. Arizona*, 384 U. S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602) by reading a card and that defendant responded that he understood all of his rights; and further that he would talk to the officers. The money found in the bedroom generally matched

the description given by Mr. Johnson. A "jumper wire" fashioned out of a piece of wire with clips attached at both ends was found in defendant's automobile. It was identified by Johnson as a tool which he had made and used at his station to start and repair automobiles.

Defendant testified in his own behalf. He denied the burglary and theft, but admitted that he had been at the station with a friend working on his automobile early in the evening. He said that he had used the "jumper wire" in attempting to repair the radio in his automobile and had left it on the floorboard. Defendant testified that after he left the station he went home, cleaned up, and spent the night at the "Casino" and "Lamplighter" Clubs drinking beer and whiskey; that he left the "Lamplighter" about 3 a. m. and next remembered finding himself stuck in the ditch on Rock Road. Defendant testified that he had never before seen the money which the police found on his bedroom floor, but that he had bought the roll of quarters while he was at the Casino Club playing a coin operated game.

The only point raised by defendant on appeal concerns the admission into evidence of his previous conviction of burglary and theft of the Johnson station.

The evidence in question was admitted through the testimony of James Hatfield, bailiff and parole officer, who produced the information and journal entry of judgment in the previous case, wherein defendant had entered a plea of guilty before the same division (No. 8) of the Sedgwick County District Court. The matter was first discussed out of the hearing of the jury. During this hearing, after defendant's counsel had examined the information, the court inquired if there was any objection, defendant's counsel responded:

"Yes, I object to this on the grounds it's improper."

The court responded:

"The Court will take judicial notice of its own file. The objection is overruled. The Court does take judicial notice of the contents of the file marked Case No. CR-7825. You may go ahead."

On appeal defendant asserts that the admission into evidence of the information and journal entry of the prior conviction, over his timely objection, was erroneous in that the prejudicial nature of the evidence far outweighed its materiality. The state response is twofold. First, the defendant's general objection at trial does not meet the standard of specificity required by K. S. A. 60-404 and,

second, that defendant's prior conviction for burglary and theft of the same station, less than two years prior to the instant charge, was highly relevant and probative. In this connection defendant, on the one hand, contends that none of the eight elements enumerated in K. S. A. 60-455 were at issue; while the state, on the other hand, asserts that all of the 60-455 elements were at issue with the exception of opportunity.

Although defendant does not specify error concerning the court's instructions, he points out in his argument that in connection with the prior conviction the court gave what has been labeled a "shot-gun" limiting instruction, which included all of the elements or exceptions listed in 60-455. Defendant says that the reason the instruction was given without limiting it to the exceptions, which appeared to be applicable, is the fact that none of them were substantially at issue. Defendant argues that evidence of the prior conviction was admitted and the instruction broadly covering all eight of the exceptions was given without any consideration as to the probative value of the prior conviction versus its prejudicial effect or its relation to any of the eight exceptions set forth in the statute.

In his additional commentary pertaining to § 60-455 (Gard, Kansas Code of Civil Procedure, 1975 Cumulative Supplement) Judge Gard observes that because of the number of cases dealing with 60-455 it is reasonable to infer that trial judges have overemphasized the admissibility sanction of the statutory rule and have failed to recognize that relevancy must first be established before a former conviction may be received to prove some element of the crime charged. We agree with the inference drawn by Judge Gard that the misinterpretation of the statute by some trial judges has given rise to the many problems encountered in its application in criminal cases.

In the recent case of *State v. Cross*, 216 Kan. 511, 532 P. 2d 1357, Justice Schroeder noted that the admissibility of prior convictions for the limited purposes authorized by 60-455 has become one of the most troublesome areas in the trial of a criminal case. An in-depth review of our cases dealing with the subject appears in *State v. Cross*, supra, and *State v. Bly*, 215 Kan. 168, 523 P. 2d 397. Further discussion of the pronouncements of *Cross* and *Bly* would, for the most part, only be repetitious. It will suffice to say that the opinions in those cases clearly indicate that the position taken by

this court is that of a very conservative attitude in the admission of evidence of prior convictions for the limited purposes authorized by 60-455. First, the evidence must pass the test of relevancy and to meet the test the former conviction must be shown to have some peculiar significance other than merely its force in showing a disposition of the defendant to commit a certain type of crime. In other words, the facts of the prior crime should be linked in the similarity of the two offenses in order to show relevancy of a prior conviction. (*State v. Johnson,* 210 Kan. 288, 502 P. 2d 802; *State v. Cross,* supra; *State v. Bly,* supra; and additional commentary appearing in Gard, Kansas Code of Civil Procedure, 1975 Cumulative Supplement, § 60-455.) It must also be kept in mind that a showing of relevancy alone does not conclusively establish admissibility.

The next step in the exercise of discretion in determining admissibility is balancing the probative value of such evidence for the limited purpose for which it is offered against prejudicial effect thereof in keeping with the philosophy expressed in 60-455, and the fundamental rules governing the exercise of discretion. (*State v. Johnson,* supra; *State v. Davis,* 213 Kan. 54, 515 P. 2d 802; and *State v. Clingerman,* 213 Kan. 525, 516 P. 2d 1022.)

In summary, the trial court first must determine relevancy on a basis of factual similarity; second, it must specifically find that one or more of the exceptions enumerated in 60-455 is at issue; and, third, balance probative value against prejudicial effect. While the determination of relevancy is a matter left to the judicial discretion of the trial judge that discretion must not be abused. It must be based upon some knowledge of the facts, circumstances or nature of the prior offense. (*State v. O'Neal,* 204 Kan. 226, 461 P. 2d 801.) It is the better practice to conduct a hearing in the absence of the jury to determine the probative value as to one or more of the eight statutory elements to which such evidence must be relevant. (*State v. Gunzelman,* 210 Kan. 481, 502 P. 2d 705.)

One of the circumstances frequently giving rise to the problems in this troublesome area in a criminal trial is the failure of the defense to lodge specific objections and, likewise, the failure of the prosecution in stating the purpose for which the prior conviction is offered to specify the one or more statutory elements which is deemed to be at issue in the case. Our contemporaneous objection rule is codified in K. S. A. 60-404. The importance of the rule in the conduct of a trial is set forth in *Baker v. State,* 204 Kan. 607, 464 P. 2d 212, wherein Justice O'Connor speaking for the court said:

"The contemporaneous objection rule long adhered to in this state requires timely and specific objection to the admission of evidence in order for the question of admissibility to be considered on appeal. (K. S. A. 60-404.) The rule is a salutary procedural tool serving a legitimate state purpose. (See, *Mize v. State*, 199 Kan. 666, 433 P. 2d 397; *State v. Freeman*, 195 Kan. 561, 408 P. 2d 612, cert. denied, 384 U. S. 1025, 16 L. Ed. 2d 1030, 86 S. Ct. 1981.) By making use of the rule, counsel gives the trial court the opportunity to conduct the trial without using the tainted evidence, and thus avoid possible reversal and a new trial. Furthermore, the rule is practically one of necessity if litigation is ever to be brought to an end." (p. 611.)

In the instant case defendant made only a general objection stating that the admission of the prior conviction was "improper." He failed to make clear the specific grounds of his objection, nor did he make known to the court the action which he desired the court to take, *i. e.*, whether the court should have rejected evidence of the prior conviction in toto, or if admitted what specific element or elements of 60-455 should jury consideration have been limited to. A natural consequence of such a general objection is the state's failure, in response, to finger specifically the one or more elements which it deems to be at issue under the facts developed. Lack of specificity in this regard substantially increases the burden of the trial court in resolving the question of admissibility. Adherence to the contemporaneous objection rule is essential to the orderly and effective conduct of a criminal trial.

In *State v. Parker*, 213 Kan. 229, 516 P. 2d 153, we considered the import of K. S. A. 60-404 and the related rule prescribed in K. S. A. 60-246. In the *Parker* case we held that where a defendant ignores the mandate of 60-404 and 60-246, by failing to make clear the specific grounds of his objection to evidence and to make known to the court the action he desired, he has failed to show prejudicial error. In the instant case, the objection lodged fails to preserve error subject to appellate review. Nevertheless, we do not hesitate to say that on the facts at bar identity is clearly shown to be the critical question at issue. Since the same filling station was the object of two burglaries, less than two years apart, the prior conviction was relevant in determining the identity of the burglar.

As we have previously indicated, defendant did not object to the "shotgun" limiting instruction at trial, nor did he specify the giving thereof as error on appeal. After admitting the prior conviction evidence in the first instance, a limiting instruction was necessary. Even though we have, on many occasions, disapproved

the instruction in the form in which it was given here, we cannot say the submission thereof to be clearly erroneous under the circumstances attendant here. (*State v. Bly*, supra.)

We find no error that justifies the granting of a new trial and the judgment is affirmed.