STATE of Utah, Plaintiff and
Respondent,

v.

Eugene McCARDELL, Defendant
and Appellant.

No. 17718.

Supreme Court of Utah.

Aug. 27, 1982.

Stephen L. Hansen, Salt Lake City, for
defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

The defendant and appellant, Eugene McCardell (McCardell) was tried before a jury in the Third Judicial District Court and found guilty on two counts of forging an endorsement on a check. McCardell advances four points of error on appeal: (1) there was insufficient evidence to support the conviction; (2) the trial court erred in refusing to instruct the jury as requested by the defendant; (3) it was abuse of discretion for the trial court to allow certain blank checks into evidence; and (4) he was denied a fair trial because "mug shots" of him were allowed into evidence over his objections. We affirm.

According to the testimony adduced at trial, McCardell and an unidentified female companion drove to the drive-in window of a bank in southern Salt Lake County and received a deposit slip from the teller. The woman filled out the deposit slip and endorsed two checks; all three items were then handed to the teller by McCardell. The deposit slip indicated that the two checks were to be deposited in the account of Karen O. Johnson, located at another branch of the bank, and $300.00 in cash was to be paid to the depositor. Both checks were made out to Karen O. Johnson, one drawn on the account of a private individual and the other on a business account. The teller's suspicion was aroused because the business check had been filled out with a magic marker pen, McCardell seemed nervous, and his companion was unable to produce any identification. The teller then attempted to call another branch to verify the existence of Ms. Johnson's account. McCardell offered to park his car and come into the bank if there were any problems. Whereupon McCardell drove away and the teller wrote down the license number of the car. A search of the auto records revealed that the car was owned by McCardell and, a little over a week later, the bank teller identified McCardell from a photo lineup as the driver of the auto. At the time of his arrest, McCardell's car was searched with his permission, and blank checks were found in the glove compartment. Two of the checks belonged to the private individual and the company whose checks had been presented earlier at the drive-in bank. Neither check presented to the bank was drawn by anyone with the authority to prepare or sign the checks.

I

Before turning to McCardell's first assignment of error, insufficiency of evidence to support the conviction, we will address the question of the admission into evidence of the blank checks asserted in his third point. The question of the sufficiency of evidence to support the conviction will necessarily depend upon a determination of what evidence was properly before the jury.

McCardell was stopped and arrested while driving his automobile, which fit the description and bore the license plate number provided to the police by the bank teller. The arresting officer asked McCardell's permission to search the automobile. McCardell responded that the officer could look any place he wanted and volunteered that there were some checks in the glove compartment given to him by a Kim Carpenter.

The officer did in fact find blank checks identical to the personal check given to the bank teller and a business check; the machine stamp on the latter was for the same amount of money as appeared on the check passed to the bank teller, but the check in the car had no payee or authorizing signature. McCardell argued at trial, as he does on appeal, that it was unduly prejudicial to allow these checks into evidence because they appeared to be evidence of a crime, possession of stolen checks, other than the crime with which he was charged. McCardell contended that the admission of this evidence could mislead, confuse and severely prejudice the jury. In addition, he argued that the checks found in the glove compartment had no tendency to establish any material element of the forgery charge

and were, therefore, irrelevant. Specifically at issue is whether the trial court abused its discretion under Rules 45 and 55 of the Utah Rules of Evidence. This Court will not interfere with a trial court's ruling under Rule 45 unless it clearly appears that the court so abused its discretion that there is a likelihood that injustice resulted. *State v. Danker,* Utah, 599 P.2d 518 (1979). Rule 45 states:

> Except as in these rules otherwise provided, the judge may in his discretion exclude evidence if he finds that its probative value is substantially outweighed by the risk that its admission will ... (b) create substantial danger of undue prejudice or of confusing the issues or of misleading the jury ....

Rule 55 states:

> Subject to Rule 47 evidence that a person committed a crime or civil wrong on a specified occasion, is inadmissible to prove his disposition to commit crime or civil wrong as the basis for an inference that he committed another crime or civil wrong on another specified occasion but, subject to Rules 45 and 48, such evidence is admissible when relevant to prove some other material fact including absence of mistake or accident, motive, opportunity, intent, preparation, plan, knowledge or identity.

■ We reject McCardell's claim that this evidence was irrelevant. The evidence at trial indicated that McCardell did not endorse the checks and that his female companion was the one who endorsed the checks at the time they were given to the bank teller. Therefore, McCardell's criminal culpability could be founded on § 76–2–201, U.C.A., 1953 (1978 Supp.), which makes one person criminally responsible for the direct commission of an offense by another if the person "requests ... encourages or intentionally aids another person to engage in conduct which constitutes an offense." In addition, the forgery statute holds a person criminally accountable if he acted "with purpose to defraud ..., or with knowledge that he [was] facilitating a fraud ...." § 76–6–501, U.C.A., 1953 (1978 Supp.). Even if this information can

be fairly characterized as evidence of commission of some other crime or civil wrong, it is admissible under the general rule embodied in Rule 55 as evidence that is relevant to and probative of material elements of the crime for which McCardell was on trial. *State v. Forsyth,* Utah, 641 P.2d 1172 (1982). This evidence would support an inference of McCardell's knowledge of the fraud and intentional participation in the forgery. *Forsyth, supra* (Stewart, J., concurring); *State v. Johns,* Utah, 615 P.2d 1260 (1980).

■ We also reject McCardell's contention that, even if this evidence is relevant and admissible under Rule 55, the court abused its discretion under Rule 45(b) in failing to disallow it because of its extreme prejudicial effect. The question before the trial court is not simply one of the presence or absence of any potential for prejudice, but whether "its probative value is *substantially outweighed* by the risk that its admission will ... (b) create *substantial danger* of *undue prejudice* ...." Utah R.Evid. 45 (emphasis added). We believe that the trial court could reasonably conclude, in light of the State's burden to show that McCardell intentionally encouraged or aided the unidentified woman in the commission of this forgery, that the probative value of this evidence was not substantially outweighed by its potential prejudicial effect. It is the function of the prosecutor in an adversary proceeding to bring before the jury all evidence admissible within the Rules of Evidence. While the evidence in question here may create some danger of prejudice, it does not create a "substantial danger of *undue* prejudice" and, therefore, we hold that the trial court did not abuse its discretion in permitting this evidence to be presented to the jury.

## II

■ We now return to McCardell's first point of alleged error, that there was insufficient evidence to support the conviction of forgery. McCardell claims that there was insufficient evidence to support the required statutory finding that he acted "with purpose to defraud ..., or with knowledge that he [was] facilitating a

fraud ...." § 76–6–501, U.C.A., 1953 (1978 Supp.). This Court will not lightly overturn the findings of a jury. We must view the evidence properly presented at trial in the light most favorable to the jury's verdict, and will only interfere when the evidence is so lacking and insubstantial that a reasonable man could not possibly have reached a verdict beyond a reasonable doubt. *State v. Asay,* Utah, 631 P.2d 861 (1981); *State v. Lamm,* Utah, 606 P.2d 229 (1980); *State v. Gorlick,* Utah, 605 P.2d 761 (1979); *State v. Logan,* Utah, 563 P.2d 811 (1977). We also view in a light most favorable to the jury's verdict those facts which can be reasonably inferred from the evidence presented to it. "Thus, intent to commit [a crime] ... may be found from proof of facts from which it reasonably could be believed that such was the defendant's intent." *State v. Kazda,* 15 Utah 2d 313, 317, 392 P.2d 486 (1964). We hold that in light of the competent and admissible evidence outlined above, there was sufficient evidence to support the jury's verdict and we will not overturn McCardell's conviction.

### III

■ McCardell further alleges as grounds for reversal of his conviction the fact that the trial court refused to instruct the jury as requested by him. McCardell specifically claims that the trial court gave instruction number 12 despite his timely objection. The instruction, almost a word-for-word paraphrase of § 76–2–202, U.C.A., 1953 (1978 Supp.), was as follows:

> You are instructed that every person acting with the mental state required for the commission of an offense who directly commits the offense, who solicits, requests, commands, encourages, or intentionally aids another person to engage in conduct which constitutes an offense shall be criminally liable as a party for such conduct.

McCardell's objection is that there is no evidence to support an instruction that McCardell aided, abetted, or encouraged the commission of the crime by another person. McCardell correctly states the applicable rule: it is prejudicial error to give an aiding

and abetting instruction if there is no evidence of such activity. *State v. Pacheco,* 27 Utah 2d 281, 495 P.2d 808 (1972). However, that rule is not applicable in this case. As the State correctly argues, Utah law holds an agent, aider or abetter as culpable as a principal in the commission of a crime. § 76–2–202, U.C.A., 1953 (1978 Supp.). The forgery statute, § 76–6–501, U.C.A., 1953 (1978 Supp.), specifically assigns guilt to a person who acts "with knowledge that he is facilitating a fraud to be perpetrated by anyone." The instruction as given is simply a statement to the jury of the Utah law in this regard. This instruction was consistent with the evidence presented at trial. The evidence raises some question as to whether McCardell forged the checks which were passed to the bank teller or whether the actual forgery was performed by his unidentified woman companion. The jury could have concluded that the latter was the case. There is also evidence to support the conclusion that McCardell intentionally aided and encouraged the forgery and fraud undertaken by his companion. In light of this evidence, and the statutory provisions pertaining to the culpability of aiders and abetters, instruction number 12 not only fails to rise to the level of reversible error, but can be fairly characterized as both prudent and appropriate.

### IV

McCardell's final point on appeal is that he was denied a fair trial because obvious "mug shots" of him were allowed into evidence over his attorney's objection. Particularly damaging, according to McCardell, was the mug shot of him with writing on the reverse side making reference to other crimes. In defense of the trial court's admission of these pictures, the State contends that McCardell failed to properly object to the admission of the photographs and is therefore precluded from raising the issue on appeal. At issue is Rule 4 of the Utah Rules of Evidence, which states:

> A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless (a) there appears of record objection to

the evidence timely interposed and so stated as to make clear the specific ground of objection, and (b) the court which passes upon the effect of the error or errors is of the opinion that the admitted evidence should have been excluded on the ground stated and probably had a substantial influence in bringing about the verdict or finding. However, the court in its discretion, and in the interests of justice, may review the erroneous admission of evidence even though the grounds of the objection thereto are not correctly stated.

The evidence in question involves five photographs and a photographic copy made of those five photographs on one sheet. The five photographs, exhibits 6–10, included four black and white "mug shots" of other individuals and a color "mug shot" of McCardell. These five photos were used in the photo lineup presented to the bank teller for purposes of identifying a forgery suspect. An investigating officer testified that in order to avoid drawing the bank teller's attention to McCardell, by way of the color photograph, a black and white photographic copy was made of all 5 pictures on a single sheet, and that photographic copy was given to the bank teller for purposes of identification. The photographic copy was identified at trial as exhibit number 11. On the back of exhibit number 10, the color mug shot of McCardell, was written a reference to a California forgery conviction and two charges of forgery pending in Bountiful and Clearfield, Utah. During the direct testimony of the investigating officer, exhibits 6–10, the actual mug shots, were offered into evidence without objection by McCardell. Exhibit number 11, the photographic sheet containing all five pictures, was then offered into evidence and the following exchange occurred:

Mr. Hansen [McCardell's attorney]: No objection to No. 11. However, your Honor, I would withdraw my no objection to Exhibits 5–10 on the ground I don't believe those photographs were shown to Mrs. Seat [the bank teller] and my im-

pression was when I said no objection, at the time I thought they were photographs that were shown to her and I felt that the foundation had been laid. Now I see there has been a copy made, so I withdraw the statement of no objection of state's Exhibits 5–10.

I have no objection to State's Exhibit No. 11.

Mr. Gunnarson [Deputy County Attorney]: We submit, your Honor, 5–10 are foundational for 11. In fact, 11 was shown, 5–10 weren't but I think it is within the jury's right to look at the original pictures and compare them to the photo. [Group photo on photocopy.]

The Court: The objection is overruled. 11 not objected to and 5–10 to which you subsequently objected to is denied.[1]

McCardell now contends that it was reversible error to permit "mug shots" to be presented to the jury because they are evidence of other crimes and are extremely prejudicial. All five pictures are typical mug shots showing frontal and profile poses with a block at the base of the frontal pose identifying the photo as having been taken at the "Police Department, Salt Lake City, Utah," with a number and date. McCardell claims that the writing on the reverse side of the photo (exhibit 10) of him, was even more prejudicial. He quotes at length from several cases which discuss the inherent prejudice and inadmissibility of "mug shots." While McCardell's arguments on this point clearly have merit, we must be satisfied before we can address those issues that he has complied with the requirements of Rule 4 of the Utah Rules of Evidence concerning specific objections before the trial court. This is often referred to as the "contemporaneous objection rule."

■ The exchange set out above concerning McCardell's objection to the introduction of exhibits 5–10 does not satisfy the threshold requirements of the contemporaneous objection rule. His counsel initially interposed no objection to the exhibits 5–10 and, after stating that he had *no* objection to exhibit 11, he interposed an objection to

1. Exhibits 5–10 included the five mug shots that were photocopied (exhibits 6–10) and an

additional black and white mug shot of McCardell, exhibit five.

exhibits 5–10 based only on improper foundation. This objection addressed the limited question of whether the separate photos had been shown to the bank teller. It was this specific objection to which the deputy attorney directed his response and upon which the trial court based its ruling that the pictures were admissible. McCardell's objection based on a lack of foundation did not direct the court's attention to the potentially prejudicial material contained on the back of exhibit 10, and McCardell made no objection at all to the exhibits based on the prejudicial effect of "mug shots" either when they were first offered, or later when he entered an objection to them regarding a lack of foundation. In addition, he failed to interpose *any* objection to exhibit 11 (the photocopy of five "mug shots," including McCardell's), which would have the same prejudicial impact as the individual "mug shots" represented by exhibits 6–10.

In the Kansas case of *State v. Moore,* 218 Kan. 450, 543 P.2d 923 (1975), the prosecuting attorney attempted to introduce evidence of a prior conviction, to which the defendant offered the general objection that admission of the prior conviction was "improper." The Kansas Supreme Court noted that he failed to state clear, specific grounds in his objection and did not make known to the court the action which he desired the court to take, *i.e.,* reject the evidence completely or admit it subject to some cautionary instruction to the jury. We endorse the following statement made by the Kansas Supreme Court in that case:

> The contemporaneous objection rule long adhered to in this state requires timely and specific objection to admission of evidence in order for the question of admissibility to be considered on appeal. The rule is a salutory procedural tool serving a legitimate state purpose. By making use of the rule, counsel gives the trial court the opportunity to conduct the trial without using the tainted evidence, and thus avoid possible reversal and a new trial. Furthermore, the rule is practically one of necessity if litigation is ever to be brought to an end.

543 P.2d at 927, quoting *Baker v. State,* 204 Kan. 607, 611, 464 P.2d 212, 216 (1970).

If McCardell had made his specific objection concerning the information on the back of exhibit 10 known to the trial court, the trial court could have rejected all five individual photographs and admitted only the group photo, or taken steps to cover or remove the information on the back of exhibit 10 so as to ensure that it would not be available for the jury's inadvertent discovery. This is clearly a case where a timely and specific objection would have afforded the trial court the opportunity to address McCardell's concerns and at the same time permit the State to proceed with the evidence most relevant to its case. A new trial should not be the result of McCardell's failure to provide the trial court that opportunity.

The final sentence of Rule 4 bestows on this Court the discretion of reviewing the erroneous admission in the interest of justice "even though the grounds of the objection thereto are not correctly stated." We find this provision inapplicable to this factual situation. We are not confronted with an incorrect objection which nevertheless directed the court's attention to the information on the back of exhibit 10 in spite of a vague or incorrectly stated objection. We have no indication from the record that the trial court was in any way alerted to the information on the back of exhibit 10 or to the fact that the defendant believed the evidence was somehow tainted because it consisted of "mug shots." An objection which raised the foundational question of whether or not a bank teller had ever seen exhibits 6–10 cannot be construed as an objection which raised the issues which McCardell now brings before this Court. Therefore, we have no objection capable of being characterized as properly within our discretion under Rule 4.

We affirm.

HALL, OAKS and HOWE, JJ., concur.

STEWART, J., concurs in the result.