**The STATE of Utah, Plaintiff and Respondent,**

v.

**Steven V. SINGLETON, Defendant and Appellant.**

No. 19107.

Supreme Court of Utah.

Oct. 24, 1984.

George Waddoups, Lisa Maxfield, John W. Ebert, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Robert N. Parrish, Ted Cannon, Co. Atty., Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

This is an appeal from a conviction of theft, a third degree felony. The appellant claims first, that the prosecutor violated his fifth amendment rights under the U.S. Constitution by eliciting testimony about his silence after receiving *Miranda* warnings at the time of arrest, and second, that there was insufficient evidence at trial to establish his guilt beyond a reasonable doubt. We affirm.

On November 11, 1981, around 7:00 p.m., the material witness in this case was driving home. As she slowed down to turn into her driveway, she noticed a reflection of light and some movement near a bush in the field next to her house. As she pulled into her driveway, a man stepped out from behind the bush and walked right in front of her car. The man walked down the street and the witness watched him through her rear view mirror. When she was sure he was not around, she went to the bush and discovered a stereo system. She immediately called the police.

When Officer Maack arrived, he discovered that the home next to that of the witness had been burglarized. The front door glass had been broken in order to gain entry into the home. Officer Maack testified that it was evident that a stereo was missing from the stereo cabinet inside the house. The owner testified that he had not given permission to anyone to enter his residence or to remove the stereo.

Following this discovery, Officer Maack called in a description of the man seen by the witness to other officers in the vicinity. The suspect was described as wearing blue jeans, a lightweight blue jacket, a white shirt, a two-tone baseball cap, and hiking-type shoes, with dark hair, of medium height, and of slender build. Within fifteen minutes a suspect, the appellant who

matched exactly the description given by the witness, was spotted five and a half blocks away from the witness's home.

The appellant, Steven V. Singleton, was then brought before the witness for a "show-up." The evidence indicates that the witness was able to clearly see appellant who was standing under a street light next to a police car. The witness identified appellant, from a distance of approximately ten feet, as the man she had watched earlier in the evening walk from behind the bush, in front of her car, and down the street.

The trial testimony did not specify exactly when the appellant was placed under arrest, but following the identification, appellant was informed of his *Miranda* rights. When asked if he understood the rights and had anything to say, he said that he understood and did not have anything to say at that time. A short time later, on the way to the police station, he volunteered the following, "I guess she saw me with the stereo equipment, too?" Neither Officer Maack nor the other officers had provoked the comment, and the officers testified that they had not previously mentioned a missing stereo. Officer Maack further testified that the appellant became restless and upset when asked how he knew about a stereo.

The appellant had fresh cuts on his right hand at the time he was picked up. At trial, he presented evidence that he had cut his hand a week earlier when he had had to break a window to get into his own home. The State presented evidence that appellant had given a different explanation of his cuts to one of the officers who first detained him, and yet another explanation to Officer Maack. Although these statements may have been made prior to the time appellant was informed of his *Miranda* rights, counsel for the appellant did not object at the time the statements were described at trial and raises no issue respecting them on appeal.

During the trial proceedings, counsel for the appellant objected to the prosecutor's questions directed to Officer Maack about the events at the time of the identification and the reading of *Miranda* rights to appellant. The objection was overruled. Counsel then moved for a mistrial on the grounds that the questioning was a comment on appellant's exercise of his constitutional privilege to remain silent, which motion was denied.

■ Appellant's first point on appeal arises because the prosecutor, in questioning Officer Maack about statements made to him by the appellant after his arrest and the reading of his *Miranda* rights, elicited the following testimony:

Q. What did [appellant] say?

A. He said he understood his rights and he said he really didn't have anything to say.

. . . .

Q. [By the prosecutor] Did he indicate he didn't want to talk to you?

A. At that time he did, yes.

Q. What exactly did he say?

A. Something to the effect that he didn't have anything to say.

Q. Did he say he had nothing to say or that he didn't want to talk to you?

A. Just that he didn't have anything to say.

Q. What happened next?

A. I left the scene and was transporting him down to the jail.

Q. Okay. Was there any conversation at that time?

A. Yes, sir.

Q. Who initiated the conversation? Who started it?

A. He did. He made a statement to me when I first got back into the vehicle when I was taking him back to the jail.

Q. Was this in response to a question you asked him?

A. No.

Q. What did he say?

A. He said, "I guess she saw me with the stereo equipment, too?"

It may be seen from the context of the above reference to appellant's initial silence that the testimony was elicited solely to

provide foundation for the relevant and admissible statement made shortly thereafter by appellant about the stereo equipment. The voluntariness of that statement was properly shown by the description of the reading of the *Miranda* rights and the defendant's response that he understood his rights and had no statement. No further reference or comment by the prosecutor was made at any point in the trial to the appellant's initial response to the *Miranda* questions, and the questioning set forth above does not suggest that it was conducted in any effort to encourage any inference of guilt from appellant's silence. Rather, it appears to have occurred solely to establish foundation for the appellant's subsequent, and damaging, volunteered statement. We affirmed a conviction in similar circumstances in *State v. Urias*, Utah, 609 P.2d 1326, 1328 (1980), and find no basis for doing otherwise in this case.

■ Appellant's second argument that the evidence was insufficient for a conviction is likewise without merit. The only issue was the identity of the person who broke into a home and removed stereo equipment. The appellant was described and identified by an eyewitness, had fresh cuts on his hand, and there was testimony that he volunteered a statement about the stereo equipment before anyone mentioned the nature of the items stolen. Viewing the evidence in a light favorable to the jury's verdict, *State v. McCardell*, Utah, 652 P.2d 942, 945 (1982), we are persuaded that it easily meets the standard of proof beyond a reasonable doubt.

Affirmed.

HALL, C.J., and STEWART and ZIMMERMAN, J., concur.

HOWE, J., concurs in the result.