STATE of Utah, Plaintiff and Respondent,

v.

Myron A. HAMILTON, Defendant and Appellant.

No. 20646.

Supreme Court of Utah.

Oct. 20, 1986.

Rehearing Denied Jan. 27, 1987.

As Amended Jan. 28, 1987.

Myron A. Hamilton, pro se.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted in the circuit court of several misdemeanors.[1] He appealed to the district court, which affirmed the convictions. In his appeal before this Court, defendant claims that he was denied his right to trial and appellate counsel. We entertain the appeal of this constitutional issue under U.C.A., 1953, § 78-3-5.

Defendant assails the trial court's failure to appoint an attorney to represent him or, in the alternative, to obtain defendant's waiver of right to counsel. He also assigns as error the district court's failure to appoint counsel on his first appeal. We hold that defendant waived his right to counsel and affirm the conviction and sentence entered against him.

Defendant has not furnished us with a transcript of his jury trial, but merely with transcripts of several preliminary hearings. To the extent that it is before us, the record reveals that defendant in those hearings gave notice and demand for counsel of choice, accompanied by a brief thirty-one pages long. Both in the brief and in oral argument, defendant demanded that his lay counsel be heard to represent him on his misdemeanor charges and that the court's denial constituted denial of his right to have the assistance of counsel for his defense, as provided by the sixth amendment of the United States Constitution. In his brief, defendant stated that it offended his sensibilities to the core to be forced to use an officer of the court and that the "stealthy encroachment" upon his right to counsel not licensed by the bar was the result of a monopoly of the legal establishment. He voiced similarly strong objections to the appointment of a public defender. He claimed that the tenth amendment of the United States Constitution prohibited the State of Utah and its courts from restricting defendant's right to a lay spokesman in court and that the denial was also a deprivation of his civil rights under color of law under 28 U.S.C. §§ 1983, 1985, and 1986.

To the numerous admonitions made at the hearing by the court that he should have an attorney help him solve his legal problems, defendant variously replied that he "wouldn't stoop so low as to have an attorney" and that he considered the court's refusal of lay counsel a denial of counsel. The court told defendant that his lay counsel could confer with him and advise him, but that the court would not recognize him as an attorney. When questioned whether he understood the charges against him, defendant replied, "Absolutely not," and when asked whether he understood the English language, he responded that he was kicked out of third grade for failing to shave. He considered the question irrelevant to his motion and refused to answer the court's repeated inquiries.

We do not know whether defendant represented himself at trial or whether he was aided by his lay counsel. In the absence of the record, we presume regularity of the proceedings below. *State v. Wulffenstein*, 657 P.2d 289 (Utah 1982), *cert. denied*, 460 U.S. 1044, 103 S.Ct. 1443, 75 L.Ed.2d 799 (1983). In his appeal to the district court, defendant continued to assign as error the trial court's refusal to allow representation by lay counsel, and there is nothing in the record to indicate that appellate counsel was refused and that defendant at that stage had requested *legal* counsel. This Court is precluded from addressing issues first raised on appeal. *State v. Tucker*, 709 P.2d 313 (Utah 1985); *State v. McCardell*, 652 P.2d 942 (Utah 1982).

The issue that remains before us to be examined is whether defendant's persistence in preliminary hearings to secure representation by lay counsel constituted waiver, or whether the trial court's failure to appoint legal counsel was a denial of the assistance of counsel.

A defendant in a criminal proceeding has a constitutional right to the assist-

---

**1.** Failure to respond to officer's signal to stop, a class A misdemeanor, in violation of U.C.A., 1953, § 41-6-13.5; failure to obey police officer, a class B misdemeanor, in violation of section 41-6-13; speeding, a class B misdemeanor, in violation of section 41-6-46; no driver's license on person, a class B misdemeanor, in violation of section 41-2-15; and interference with a public servant, a class B misdemeanor, in violation of section 76-8-301.

ance of counsel at all critical stages of the prosecution. U.S. Const. amend. VI; Utah Const. art. I, § 12; *State v. Gray*, 601 P.2d 918 (Utah 1979). However, a defendant may waive that right and represent himself provided that he has knowingly and intelligently waived that right. In order competently and intelligently to choose self-representation, a defendant should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that "he knows what he is doing and his choice is made with eyes open." *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Waiver may not be presumed from a silent record. "The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver." *Carnley v. Cochran*, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). And where a petitioner expressly declines an offer of counsel by the trial judge, he has the burden by a preponderance of the evidence to prove nonwaiver. *Moore v. Michigan*, 355 U.S. 155, 78 S.Ct. 191, 2 L.Ed.2d 167 (1957).

Contrary to defendant's claim, the record in this case is not silent. Defendant objected vehemently to the appointment of legal counsel. At several junctures during the preliminary hearings, the trial court reminded defendant that he needed legal counsel to solve some of his legal problems. The colloquy between judge and defendant on the record supports our conclusion that defendant actually understood the risks of declining legal counsel, was aware of the legal ramifications and technical rules applicable to his case, and knew that presenting a defense "is not just a matter of telling one's story." *City of Bellevue v. Acrey*, 103 Wash.2d 203, 691 P.2d 957, 962 (1984). His reference to the "Star Chambers [not being] so bad after all" compared to having a public defender appointed revealed sophisticated knowledge of the law. "Historically ... only one tribunal in the long history of English jurisprudence ever adopted a practice of forcing counsel upon an unwilling defendant in a criminal pro-

ceeding—the infamous Star Chambers." *People v. Romero*, 694 P.2d 1256 (Colo. 1985).

We reject defendant's claim at this late stage that the trial court should have obtained a formal waiver from him or appointed legal counsel to represent him. Defendant's demand for lay counsel was made and deliberated with eyes open. However, it is well established that a defendant does not have an immutable right under our state or the federal constitution to reject court-appointed counsel for the purpose of forcing the court to appoint private counsel of his own choice. *State v. Wulffenstein*, 733 P.2d 120, 27 Utah Adv. Rep. 32 (1986). Nor does he have the constitutional right to be represented by lay or unlicensed counsel. *United States v. Olson*, 576 F.2d 1267 (8th Cir.), *cert. denied*, 439 U.S. 896, 99 S.Ct. 256, 58 L.Ed.2d 242 (1978). In the *Olson* case, the trial court was faced with a similar situation as here. Both here and there, the judges acknowledged the defendant's right to defend himself, but declined to have a man not admitted to practice in their courts to represent him or speak for him. " 'He can speak to you, he can speak with you, but he cannot speak for you.' " *Id.* at 1269. Neither judge denied defendant the right to talk with his lay counsel, and neither interfered when the defendant availed himself of that right. The reviewing court in *Olson* concluded, "But we have never held, and we decline to do so now, that the trial court must appoint advisory counsel even after fairly ascertaining that the defendant will not accept licensed counsel." *Id.* at 1270.

There is nothing in the record before us that would mandate a different result here. The record evidence supports the ruling of the trial court and the review of the district court that defendant waived his right to assistance of counsel.

Affirmed.