STATE of Utah, Plaintiff and Respondent,

v.

Arden M. BARLOW, Defendant and Appellant.

No. 870448–CA.

Court of Appeals of Utah.

Feb. 10, 1989.

Arden M. Barlow, Hildale, pro se.

James R. Scarth, Kanab, for plaintiff and respondent.

Before BENCH, DAVIDSON and JACKSON, JJ.

PER CURIAM:

This is a consolidated appeal from convictions for exceeding the maximum speed limit, a Class B misdemeanor, in violation of Utah Code Ann. § 41–6–46 (1988) (the "traffic case") and for filing a written false statement, a Class B misdemeanor, in violation of Utah Code Ann. § 76–8–504(2)(a) (1978) (the "false statement case"). The cases were tried in the Tenth Circuit Court on the same date, but before separate juries. Defendant was sentenced to a term of sixty days in jail, with fifty days suspended, and a $65 fine for the speeding conviction, and a fine of $400 plus $100 surcharge on the false written statement conviction.

The defendant was also held to be in contempt and was sentenced to ten days in jail, to run concurrently with the other jail term, and assessed a fine of $300.

Defendant raises some twenty issues for consideration on appeal. Of those issues, we conclude that only those discussed herein merit further consideration by this court.

Defendant contends that his rights under the sixth amendment to the United States Constitution were denied because he was not tried by a jury of twelve persons. In support of this contention, defendant relies upon Thompson v. State of Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061 (1898). The actual Thompson holding was, however, that application of article I, section 10 of the Utah Constitution providing for an eight-member jury was "ex post facto in its application to felonies commit-

ted before the territory became a state, because, in respect of such crimes, the constitution of the United States gave the accused, at the time of the commission of his offense, the right to be tried by a jury of twelve persons." 18 S.Ct. at 624. There is no conceivable way that the narrow holding of *Thompson* could apply in this case, where ex post facto application of a statute is not an issue. In addition, the United States Supreme Court in *Williams v. Florida*, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (1970), explicitly rejected dicta in *Thompson* to the effect that a twelve-person jury is a component of the sixth amendment guarantee of the right to a jury trial. 399 U.S. at 90–92, 90 S.Ct. at 1900–01. *Williams* held that "the 12–man panel is not a necessary ingredient of 'trial by jury'". 399 U.S. at 86, 90 S.Ct. at 1898. The *Williams* decision left considerations of jury size to "Congress and the States, unrestrained by an interpretation of the Sixth Amendment that would forever dictate the precise number that can constitute a jury." *Id.* at 103, 90 S.Ct. at 1907; *see also Johnson v. Turner*, 429 F.2d 1152 (10th Cir.1970) (Article I, section 10 of the Utah Constitution did not violate the Sixth and Fourteenth Amendments by providing for juries of fewer than twelve persons). In *State v. Nuttall*, 611 P.2d 722 (Utah 1980), the Utah Supreme Court upheld the provisions of article I, section 10 of the Utah Constitution providing for a four-member jury in misdemeanor cases tried in the circuit courts. Appellant's claim that his sixth amendment right to a jury trial entitled him to a trial before a twelve-person jury must be rejected.

Appellant's contention that the trial court violated his sixth amendment right to assistance of counsel by denying his motion to allow representation by a lay person must also be rejected. The record reflects that defendant moved the trial court to "recognize his right to counsel or co-counsel of his choice who is not a member of the State Bar Association and who is not a licensed attorney." Appellant claims that his right to assistance of counsel is not qualified by the United States Constitution to refer only to attorneys licensed by a state to practice law. It follows, appellant argues, that he has an "absolute right to unfettered counsel" guaranteed by the sixth amendment. In support of his claim, appellant cites *Bhd. of R.R. Trainmen v. Virginia*, 377 U.S. 1, 84 S.Ct. 1113, 12 L.Ed.2d 89 (1964). Appellant's argument quotes statements out of context and without regard to the issues actually before the Court or to its ultimate holding. The case was an appeal from a judgment enjoining a union from recommending the services of identified attorneys. The United States Supreme Court held that "the First and Fourteenth Amendments protect the right of the members through their Brotherhood to maintain and carry out their plan for advising workers who are injured to obtain legal advice and for recommending specific lawyers." 377 U.S. at 8, 84 S.Ct. at 1118. The case contains no discussion of sixth amendment rights, assistance of counsel for criminal defendants, or representation by lay counsel. Similarly, *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969) is not germane to the issue of a purported sixth amendment right to the assistance of lay counsel in criminal proceedings.

In *State v. Hamilton*, 732 P.2d 505 (Utah 1986) (per curiam), the Utah Supreme Court specifically addressed a claim that the appellant's sixth amendment right to assistance of counsel was denied by the trial court's refusal to allow lay counsel to represent a criminal defendant in court proceedings. Hamilton requested representation by lay counsel in the trial court and subsequently argued on appeal that the trial court was required to obtain a formal waiver of the assistance of an attorney or appoint an attorney to represent him. The Utah Supreme Court held that Hamilton had waived his right to legal counsel, and concluded that he did not have a "constitutional right to be represented by lay or unlicensed counsel." 732 P.2d at 507.

■ A criminal defendant has the right to assistance of legal counsel at all critical stages of a prosecution. A defendant may, however, waive that right provided a waiver is knowingly and intelligently made. *Hamilton*, 732 P.2d at 507; *see*

*also State v. Frampton,* 737 P.2d 183, 187 (Utah 1987). Unlike the *Hamilton* and *Frampton* cases where appellants claimed on appeal they were denied the assistance of an attorney, appellant in this case persists in his claim that he was denied the assistance of lay counsel at critical stages in the proceeding in violation of his sixth amendment rights. It is thus unnecessary to determine whether appellant made a knowing and intelligent waiver of his right to assistance of legal counsel where that issue has not been raised or briefed. The denial of a request to allow lay counsel to represent him in legal proceedings did not impinge on appellant's sixth amendment rights.

Appellant's remaining contentions on appeal as to his convictions for speeding and for filing false statements are without merit. Those convictions must be affirmed.

■ We next turn to appellant's claims of error in holding him in contempt of court, apparently for persisting in his demand for a twelve-person jury. We agree that the trial court committed error in finding appellant in contempt, because the procedural requirements of Utah Code Ann. § 78–32–3 (1987) were not observed. Based on the statements in defendant's brief, we presume that the contempt was "direct," consisting of behavior that occurred within the trial court's immediate presence. Section 78–32–3 provides for summary procedures to punish direct contempt:

> When a contempt is committed in the immediate view and presence of the court or judge at chambers, it may be punished summarily, for which an order must be made, reciting the facts as occurring in such immediate view and presence, adjudging that the person proceeded against is thereby guilty of a contempt and that he be punished as prescribed in § 78–32–10 hereof....

The trial judge entered no such order in this case. The Judgment, Sentence and Commitment states, inter alia:

> "The Court, upon finding the defendant, Arden M. Barlow, in contempt, sentenced him to be confined and imprisoned in the Kane County Jail for ten (10) days, to run concurrently with the jail term imposed for the offense of Written False Statement, and fined the sum of Three Hundred Dollars ($300.00)."

No order appears in the record reciting the facts forming the basis for the finding of contempt. Thus, through no fault of appellant, appellate review of the contempt finding is not possible. In addition, Utah Code Ann. § 78–32–10 (1987) limits the maximum fine that may be imposed on a contempt judgment to $200.

The portion of the judgment sentencing appellant for contempt is reversed, and the matter is remanded to the trial court for entry of appropriate findings and a judgment consistent with this decision. The remainder of the judgment, sentence, and commitment is affirmed.

BENCH, DAVIDSON and JACKSON, JJ., concur.