495 P.2d 808

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Ted PACHECO, Defendant and Appellant.**

**No. 12589.**

Supreme Court of Utah.

April 11, 1972.

---

D. Gilbert Athay, of Salt Lake Legal Defender Ass'n, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., David S. Young, and Larry V. Lunt, Asst. Attys. Gen., Salt Lake City, for respondent.

On Rehearing

HENRIOD, Justice:

 Pacheco was convicted of stealing a rifle. On appeal he says the court erred in giving an instruction on aiding and abet-

ting. We agree and reverse for that reason. It was conceded that there was no evidence of aiding and abetting, but the state says the instruction was not prejudicial. It seems almost axiomatic that instructions must bear a relationship to evidence reflected in the record, and we cannot enjoy the luxury of sustaining a conviction on trite aphorism unsupported by any kind of evidence.

 To convict one of larceny by aiding and abetting, under Title 76–1–44, Utah Code Annotated, 1953, the state must prove that a larceny has been committed, since one cannot aid and abet oneself. No one was proven guilty of larceny except the defendant, and since there was no evidence of any aiding and abetting (as often there is in cases where one aids and abets the commission of larceny), an instruction under the particular facts of this case was confusing and unnecessary,—and in our opinion, contrary to that of the state, it was prejudicial,—and we so hold.

The case is remanded for a new trial.

CALLISTER, C. J., and TUCKETT, J., concur.

ELLETT, Justice (dissenting):
I am unable to concur in reversing this case.

Mr. Peterson owned a valuable rifle which he kept in a closet in his home. The rifle was there when he got his coat to go to work in the morning and was missing

when he returned in the afternoon. His wife was in the house all day long except for a period of approximately thirty minutes, when at the express invitation of appellant's fiancee she went into the adjoining duplex for coffee. The appellant was then living with his fiancee and was in and out of the apartment several times during the visit of Mrs. Peterson. The Petersons had a small dog which barked at people. The appellant knew the dog and had on prior occasions played with it. The appellant also had been in the Peterson apartment and had seen Mr. Peterson cleaning the rifle. As soon as Mr. Peterson observed that the rifle was missing, he and his wife accosted the appellant and asked if he had observed anybody about the Peterson apartment. The appellant said he had not seen anybody. Three days later the appellant sold the rifle for $50, claiming it had belonged to his grandfather. This evidence was sufficient to sustain the verdict of guilty of grand larceny.

Both appellant and his fiancee testified that as soon as Mrs. Peterson went back to her apartment around 3:30 or 4:00 p. m., they went shopping, and when they returned at about 6:00 p. m. they saw appellant's brother Bob in the vicinity. Neither witness said Bob had the rifle. Appellant further testified that Bob gave him the rifle and asked him to sell it. He said that Bob had on prior occasions requested him to sell weapons but that he had always refused to do so.

There was no other evidence to indicate that Bob had stolen the rifle. However, if the jurors should believe that Bob gave the rifle to the appellant, then they could believe that it was Bob and not the appellant who did the actual stealing.

Under the evidence of this case the jury would have to find that if Bob stole the rifle, he did so during the time Mrs. Peterson was in appellant's apartment. Since appellant was going in and out of his duplex, he would most likely know if Bob was about the place; and furthermore, since it was he and not Bob who knew about the rifle, it would be reasonable for the jury to believe that if Bob stole the rifle, it would be with the assistance of the defendant.

To cover this contingency the court instructed the jury on the law of aiding and abetting as set out in the statute.[1] It is this instruction which is the basis of the claim of error on this appeal. Whether the appellant actually did the stealing or aided or abetted his brother Bob would matter

1. Section 76–1–44, U.C.A.1953, provides: "All persons concerned in the commission of a crime, either felony or misdemeanor, whether they directly commit the act constituting the offense or aid and abet in its commission or, not being present, have advised and encouraged its commission, . . . are principals in any crime so committed."

not. In either event he would be guilty of the crime of grand larceny.

It seems to me that the evidence, direct and circumstantial, together with the reasonable inferences to be drawn therefrom, is amply sufficient to justify the finding made by the jury that the appellant stole the rifle, and the verdict should be affirmed.

CROCKETT, J., concurs in the dissenting opinion of ELLETT, J.