498 P.2d 658

The STATE of Utah, Plaintiff and Respondent,

v.

Earl Henry ROBISON, Defendant and Appellant.

No. 12711.

Supreme Court of Utah.

June 26, 1972.

5. Riter v. Cayias, 19 Utah 2d 358, 431 P.2d 788; Scott v. Hansen, 18 Utah 2d 303, 422 P.2d 525.

erating on a first-degree murder charge. Affirmed.

Phil L. Hansen & Associates, Salt Lake City, for defendant-appellant.

Vernon B. Romney, Atty. Gen., David S. Young, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a second-degree murder conviction by a jury verdict after delib-

Defendant says: 1) That the court erred in its instruction as to possibility of an accidental as opposed to an unintentional homicide, and 2) with respect to the factor of flight. The record reveals an all-inclusive instruction on accidental death. Prejudiciality in this case cannot be supported by pointing to another instruction, to the effect that there could be no conviction if the jury found that the shooting was "not intentional," instead of "accidental." As to Point 2, the same kind of treatment maintains since urging there was error because defendant should have had an instruction on "scared" as opposed to "flight" with its inference of conscious guilt, has a ring of dissonance. This, considering the facts that after shooting his victim he returned to the scene of his crime, neither to do penance nor to administer aid to his still dying victim, but to recapture the highly evidentiary spent cartridge, and to leave moreso dying his erstwhile friend, while twice he fled.

CALLISTER, C. J., and TUCKETT, ELLETT, and CROCKETT, JJ., concur.