517 P.2d 547

**The STATE of Utah, Plaintiff and Respondent,**

**v.**

**Steven Albert GONZALES and Orlando Roybal, Defendants and Appellants.**

**No. 13361.**

Supreme Court of Utah.

Dec. 26, 1973.

Lynn R. Brown, of Salt Lake Legal Defender Assn., Salt Lake City, for defendants and appellants.

Vernon B. Romney, Atty. Gen., David L. Wilkinson, M. Reid Russell, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

ELLETT, Justice:

The defendants appeal from convictions of the crimes of grand larceny and burglary in the second degree. They claim the trial court erred in three particulars, viz.:

(a) In denying their motion to dismiss for lack of evidence;

(b) In its instruction on flight; and ·

(c) In giving its instruction on possession of recently stolen property.

The undisputed evidence shows that some time after six p. m. on October 27, 1972, someone broke into a building belonging to Thomas J. Ivestor and took a 1968 Buick Electra 225 automobile therefrom as well as a wrist watch from a cash register located therein. About one a. m. on October 28, 1972, the two defendants were riding in the stolen car, being driven by one of them, in the town of Roosevelt, Utah, some 150 miles distant from the place where the burglary occurred. The Buick had only one headlight in operation, and a highway patrol officer turned his car around intending to advise the driver of the headlight defect. He turned his red light on, and the Buick car was accelerated rapidly. When he gave chase, the two occupants of the Buick tried to escape by fleeing on foot while the car was still in motion. The defendants were captured and placed under arrest. The watch stolen from the burglarized premises was in the coat pocket of one of the defendants.

The court instructed the jury regarding flight as follows:

The flight of a person immediately after the commission of a crime, is not sufficient in itself to establish his guilt, but it is a fact which, if proved, may be considered by you in the light of all other proved facts in deciding the question of his guilt or innocence. Whether or not evidence of flight shows a consciousness of guilt, and the significance to be attached to such a circumstance, are matters for your determination.

The defendants argue that flight, to be of any importance in indicating guilt, must be from the scene of the crime. The thief who stole the car did flee from the scene of the crime and in the stolen car. The car with the defendants in charge of it was 150 miles distant in a very short period of time after the crime was committed. They

also fled from the officers in Roosevelt and attempted to hide themselves. This conduct certainly indicates a guilty conscience if not a consciousness of guilt of the crimes with which they were charged.

The instruction was proper in telling the jury that the significance of the conduct of the defendants was a matter for their consideration along with all other facts given in evidence.

The defendants each testified at trial and each admitted to having been convicted of a felony prior to the time of these crimes. They were each residing in the Halfway House—a downtown home where prisoners eligible for parole are placed on an honor basis while the parole officer seeks employment for them.

One of the defendants also told the jury that his home was in Colorado and the jury knew that Roosevelt, Utah, was approximately two-thirds of the distance from the scene of the crime to the Colorado line.

■ As to the instruction regarding possession of recently stolen property, the court told the jury that bare possession when not coupled with other culpatory or incriminating circumstances would not justify a conviction, but that possession of recently stolen property coupled with flight and the making of false or unreasonable or unsatisfactory explanations of the possession might be sufficient to connect the possessor with the commission of the offense.

Here the defendants refused to make any explanation as to their possession of the stolen car at the time they were apprehended. If they were in fact innocent of the theft, it would seem appropriate at that time for them to explain how they came into possession of the car. At trial they gave an explanation of their possession of the car which would hardly convince anybody that there was any merit thereto.

There was no error in giving the instruction.

■ The evidence of possession of recently stolen property and of flight permits the jury to draw the same inferences regarding burglary as it does for larceny where both crimes arise from the same set of circumstances.[1]

The judgment of the trial court is affirmed.

CALLISTER, C. J., and HENRIOD, CROCKETT and TUCKETT, JJ., concur.

1. State v. Kirkman, 20 Utah 2d 41, 432 P.2d 638 (1967).