**STATE of Iowa, Appellee,**

v.

**Cliffton A. LEWIS, Appellant.**

**No. 57262.**

Supreme Court of Iowa.

May 21, 1975.

Rehearing Denied June 16, 1975.

Comito, Roehrick & Vincent, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., David M. Dryer, Asst. Atty. Gen. and Ray A. Fenton, County Atty., for appellee.

Heard before MOORE, C. J., and MASON, RAWLINGS, UHLENHOPP and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves questions which arose during trial of the defendant on a charge of breaking and entering.

In October 1973, defendant Cliffton A. Lewis moved into apartment 8 at 1128 Sixth Avenue in Des Moines, Iowa. Direct-

ly across the hall was apartment 6, occupied by two young women. One of the women, a nurse's aid, left for work daily about 6:30 a. m., while the other, a state employee, left about 7:30 a. m. The women had a stereo tape player and related equipment in their apartment. Directly below their apartment was apartment 2, where the building manager lived.

On December 5, 1973, about six weeks after defendant moved into apartment 8, the two women went to work at the usual times. Shortly before noon an Oldsmobile car stood in the alley behind the apartment house with its trunk lid raised. At that time, the building manager in apartment 2 heard noises overhead in apartment 6. She went upstairs and saw a man, one Eddie Lee Pack, run from the wall next to apartment 6 into defendant's apartment, which he entered without knocking. The manager returned to apartment 2 and tried unsuccessfully to call one of the tenants of apartment 6 at work. About this time the manager saw Pack go past her living room window outside the building. He then returned to the apartment house.

The manager continued to hear noises in apartment 6, so she called the police. Shortly a uniformed police officer arrived and went with the manager to the rear of the building. Just then Pack and defendant came around the side of the building toward the Oldsmobile. Pack was carrying two or three sacks and defendant was carrying a coat, all of which they placed in the Oldsmobile. After closing the trunk lid, they got into the car, defendant entering on the passenger side.

The police officer pounded on the side of the car, shouting for the men to stop. The men looked at him, but the car sped down the alley.

Two other police officers, who had heard the original police radio call, stopped near the end of the alley. One of them got out, stood at the end of the alley, and shouted, "Halt, police officer." The Oldsmobile did not stop. The officer tried to get out of its

path, but a fender struck him and threw him onto the curb. He got to his feet and observed that the passenger in the car appeared to be leaning over the seat and pointing something in the officer's direction. The officer opened fire at the car. The car careened down the street, hit a parked car, knocked off a fire hydrant, and ran into a building. Defendant and Pack got out of the car and fled. The police officers were unable to overtake them but did impound the car.

The lock on the door to apartment 6 had been knocked off, and the tenants' stereo and related equipment had been taken. The officers found those articles in the rear seat of the impounded Oldsmobile.

The county attorney charged defendant and Pack with breaking and entering. This case involves defendant. By the testimony of the police officers and others, the State introduced evidence of the matters we have related. Defendant did not introduce any evidence.

At trial, defendant moved for a directed verdict on the ground that the evidence was insufficient to implicate him in the crime. The court overruled the motion. The court also overruled defendant's objection to the court's instruction on flight. The court submitted the case to the jury, which found defendant guilty.

Defendant filed motions in arrest of judgment and for new trial, which the trial court overruled. After the court passed sentence, defendant appealed.

Defendant urges three contentions before us: (1) the State did not adduce substantial evidence that defendant aided and abetted Pack, (2) the trial court erred in giving the instruction on flight, and (3) the trial court erroneously failed to answer an inquiry by the jury during its deliberations.

I. *Sufficiency of Evidence.* Manifestly, the evidence established corpus delicti. Under all the circumstances shown, we deem the evidence sufficient also to carry the case to the jury against defendant

as an aider and abettor under § 688.1 of the Code. See State v. White, 223 N.W.2d 163 (Iowa); State v. Marsan, 221 N.W.2d 278 (Iowa); State v. Sellers, 215 N.W.2d 231 (Iowa); State v. Kittelson, 164 N.W.2d 157 (Iowa).

II. *Flight Instruction.* The trial court properly instructed on flight. State v. Horstman, 222 N.W.2d 427 (Iowa).

III. *Jury Inquiry.* As to defendant's third assigned error, the record is inadequate to present this issue.

We find no error.

Affirmed.