**STATE of Iowa, Appellee,**

v.

**Daniel J. BARR, Appellant.**

**No. 60051.**

Supreme Court of Iowa.

Nov. 23, 1977.

James M. Sullivan, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., and Richard G. Blane, II, Asst. County Atty., for appellee.

Heard before MOORE, C. J., and MASON, LeGRAND, REYNOLDSON and HARRIS, JJ.

HARRIS, Justice.

Defendant appeals his conviction of felony shoplifting in violation of § 709.20, The Code. His two assignments of error challenge two of the trial court's instructions to the jury. We affirm.

Taking the evidence in the light most consistent with the verdict it appears Daniel J. Barr (defendant) was caught shoplifting June 7, 1976 at a department store in Des Moines. As defendant left the store detectives noticed he had a bulge under his shirt. Outside the store the detectives

stopped defendant. He thereafter began to run away. One of the detectives chased, caught, and handcuffed him. On the way back to the store defendant again tried to escape. He was forcibly returned to the store by the detectives and thereafter charged and convicted.

I. On the subject of defendant's flight the trial court instructed the jury:

"It is claimed by the State that the defendant, Daniel James Barr, fled and endeavored to escape from arrest by flight, and in this regard you are instructed that if you find beyond a reasonable doubt the offense charged herein was committed and you further find beyond a reasonable doubt that the defendant fled from the scene for the purpose of avoiding and retarding the prosecution, then such flight was a circumstance tending to connect the defendant with the commission of the crime; and the jury would be justified in considering such flight as evidence of guilt.

"The credit and weight, if any, to be given such evidence is a question solely for you to determine in the light of all the evidence in the case."

Defendant's challenge to the quoted instruction differs from those raised in State v. Lewis, 229 N.W.2d 234 (Iowa 1975); State v. Horstman, 222 N.W.2d 427 (Iowa 1974); and State v. Thrasher, 175 N.W.2d 397 (Iowa 1970). Most challenges to the flight instruction are based on the claim the instruction is unsupported by the evidence. In this appeal defendant concedes there was ample evidence of his flight. He argues the instruction was improper on the claim flight is no evidence of guilt. Defendant believes there is no rational relationship between flight and guilt and that an innocent person is as likely to flee as a guilty one.

■ It is true the requirements of due process demand a rational relationship between a fact proved and a fact to be inferred from it. State v. Lewis, 242 N.W.2d 711, 716–718 (Iowa 1976) and authorities. But we disagree with defendant's assertion there is no rational relationship between flight from the scene for the purpose of avoiding and retarding prosecution and an inference of guilt.

■ It is important to keep clearly in mind the distinction, explained in Lewis, supra, between inferences and presumptions. Defendant relies on the cases of Vick v. United States, 216 F.2d 228, 232–233 (5th Cir. 1954); United States v. Grose, 525 F.2d 1115, 1120 (7th Cir. 1975); Austin v. United States, 134 U.S.App.D.C. 259, 260–262, 414 F.2d 1155, 1156–1158 (1969) as support for his proposition that flight alone is insufficient to support an inference of guilt. We do not so interpret the cases he cites. The cited cases merely hold flight alone is insufficient to support a presumption of guilt. In an attempt to dispute there is any rational connection between flight and guilt defendant quotes Alberty v. United States, 162 U.S. 499, 511, 16 S.Ct. 864, 868, 40 L.Ed. 1051, 1056 (1896) and Wong Sun v. United States, 371 U.S. 471, 483, n.10, 83 S.Ct. 407, 415, n.10, 9 L.Ed.2d 441, 452, n.10 (1963). But these cases criticize the relationship between flight and guilt only to explain that evidence of flight is but an inference of guilt and does not rise to a presumption of guilt. These expressions are similar to our own holdings. See State v. Ford, 259 Iowa 744, 750–751, 145 N.W.2d 638, 641–642 (1966) and authorities. We continue in the view a jury might believe a person fleeing to avoid and retard the prosecution might be more apt to be guilty than one who does not. The trial court's instruction was proper. Defendant's contention to the contrary is without merit.

■ II. Defendant's second assignment challenges the instruction by which the court informed the jurors they were the sole judges of the weight of the evidence, the credibility of the witnesses, and the conclusions to be drawn from the facts and circumstances proved. The same instruction was given and the same criticism was made in State v. Hicks, 245 N.W.2d 319, 321 (Iowa 1976) and State v. Ochoa, 244 N.W.2d 773, 777–778 (Iowa 1976). Our opinions in those appeals are controlling. The assignment is without merit.

AFFIRMED.