**STATE of Utah, Plaintiff and Respondent,**

v.

**Ervin BRAFFORD, Defendant and Appellant.**

**No. 18179.**

Supreme Court of Utah.

April 7, 1983.

Lynn R. Brown, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

## PER CURIAM:

Defendant appeals convictions of aggravated robbery[1] and possession of a dangerous weapon by a restricted person.[2] Without citing the record in support of his contentions on appeal,[3] defendant contends that the evidence was insufficient to support the jury verdict and that a "flight" instruction was improperly given.

On May 11, 1981, two men robbed a Salt Lake County pharmacy of prescription drugs and money. When one of the men opened the cash register, an alarm was triggered and a camera was activated. From the resulting photographs, parole officers identified defendant as one of the robbers.

In support of his contention that the evidence does not support his conviction, defendant relies upon the failure of the pharmacist to make a positive identification. Defendant also contends that the identity of the robbers was a jury question and that it was error to admit the testimony of the parole officers. Furthermore, he contends that the photographs taken by the in-store camera were not sufficiently clear for the probation officers to identify him therefrom. (Specifically, he says that prominent tattoos on his arms are not depicted in the photographs.)

We recently stated the standard for review of a criminal conviction as follows:

> We reverse a jury conviction for insufficient evidence only when the evidence [viewed in the light most favorable to the jury's verdict] is sufficiently inconclusive or inherently improbable that reasonable minds must have entertained a reasonable doubt . . . .[4]

At trial, the pharmacist was able to describe some of the clothing worn by defendant but was unable to identify him. The pharmacist testified that he was concentrating exclusively on placing the drugs in a valise. Positive identification was made by parole officers who recognized defendant from the photographs taken at the scene. At trial, there was no objection taken to the admission of the officers' testimony identifying defendant. The admissibility of the officers' testimony is therefore not properly before us. The photographs were admitted into evidence and the jury was permitted and encouraged to make an independent comparison of defendant's features and those of the robber. That defendant's tattoos were not visible on the pictures does not exculpate him, particularly since there was no evidence introduced that defendant even had the tattoos at the time of the

1. A first degree felony, in violation of U.C.A., 1953, § 76–6–302.

2. A second degree felony, in violation of U.C.A., 1953, § 76–10–503.

3. We generally will assume the correctness of the judgment below where the brief on appeal does not comply with the requirements of Rule 75, Utah R.Civ.P. See *State v. Tucker,* Utah, 657 P.2d 755 (1982).

4. *State v. Petree,* Utah, 659 P.2d 443 (1983).

robbery. The evidence in the instant case is sufficient to support the conviction.

One of the instructions given the jury reads as follows:

> The flight or attempted flight of a person immediately after the commission of a crime or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proven, may be considered by you in the light of all other proven facts in deciding the question of his guilt or innocence. The weight to which such circumstances is entitled is a matter for the jury to determine.

> You are further instructed that flight affords a basis for an inference of consciousness of guilt and constitutes an implied admission.

Defendant contends that there was no evidence of open flight in this case and that it was improper to give a flight instruction under such circumstances.[5] The state counters by saying that, on the facts presented, flight is an evidentiary consideration in the jury's determination of guilt.[6] Without deciding the specific question presented, we do not believe that there is a "reasonable likelihood that ... the result would have been any different" even in the absence of the instruction.[7]

Affirmed.

---

**5.** Defendant cites such cases as *State v. Reed,* 25 Wash.App. 46, 604 P.2d 1330 (1979), and *State v. Smith,* 113 Ariz. 298, 552 P.2d 1192 (1976).

**6.** The state cites such cases as *People v. Cannady,* 8 Cal.3d 379, 105 Cal.Rptr. 129, 503 P.2d 585 (1972), and *State v. Aubuchon,* Mo., 394 S.W.2d 327 (1965).

**7.** *Ortega v. Thomas,* 14 Utah 2d 296, 383 P.2d 406 (1963). See also, U.C.A., 1953, § 77–35–30(a).