The STATE of Utah, Plaintiff
and Respondent,

v.

Harold D. BALES and Dallas Eugene
O'Brien, Defendants and Appellants.

The STATE of Utah, Plaintiff
and Respondent,

v.

Dallas Eugene O'BRIEN, Defendant
and Appellant.

Nos. 17947, 17895.

Supreme Court of Utah.

Dec. 29, 1983.

Ronald J. Yengich, Francis M. Palacios, Salt Lake City, for defendants and appellants.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

OAKS, Justice:

The issues on these appeals from jury convictions of aggravated burglary are (1) whether there was reversible error in the instruction on the effect of the defendants' flight, (2) whether the trial court erred in refusing a lesser included offense instruction on criminal trespass, and (3) whether the curative instruction erased the effect of an erroneous closing argument by the prosecutor. We affirm.

A witness saw the defendants enter the victim's yard. One ascended her porch steps, and the other peered in a side window. A few minutes later, a police officer summoned by the witness saw the two men leave the front porch. When the officer identified himself and ordered the defendants to stop, they first hid and then fled. Both were apprehended, one almost immediately and the other within minutes. A firearm was found on the ground at each of two different locations where the defendants had stopped during flight. The pocket of one defendant contained jewelry missing from the bedroom of the victim's house.

1. The court gave the following instruction on flight:

The flight or attempted flight of a person immediately after the commission of a crime or after he is accused of a crime that has been committed, is not sufficient in itself to establish his guilt, but is a fact which, if proven, may be considered by you in the light of all other proven facts in deciding the question of his guilt or innocence. The weight to which such circumstance is entitled is a matter for the jury to determine.

You are further instructed that flight affords a basis for an inference of consciousness of guilt and constitutes an implied admission.

Although our cases affirm the admissibility of evidence of flight, *State v. Marasco,* 81 Utah 325, 17 P.2d 919 (1933); *State v. Simpson,* 120 Utah 596, 236 P.2d 1077 (1951), the circumstances that will support a jury instruction on flight and the content of such an instruction present questions not yet answered by this Court. We approved a flight instruction in *State v. Robison,* 28 Utah 2d 90, 498 P.2d 658 (1972), but the instruction was not quoted in that opinion. An instruction similar to the first paragraph quoted above was approved in *State v. Gonzales,* 30 Utah 2d 302, 517 P.2d 547 (1973), but an instruction containing both of the above paragraphs has not come before us until *State v. Brafford,* Utah, 663 P.2d 68, 70 (1983). We did not rule on the propriety of this instruction in *Brafford,* since there was no reasonable likelihood of a different result without it.

State courts differ widely in their attitudes toward flight instructions. For example, Iowa permits an instruction that flight is evidence of guilt under certain circumstances. *State v. Barr,* Iowa, 259 N.W.2d 841, 842 (1977). At the opposite extreme, South Carolina held a flight instruction to be reversible error and invalidated all flight instructions, no matter what the circumstances. *State v. Grant,* 275 S.C. 404, 407, 272 S.E.2d 169, 171 (1980). Other states have adopted diversified intermediate positions. *See generally* 25 A.L.R. 886–909 (1923 & Supp.1983); 75 Am.Jur.2d *Trial* § 788 (1974).

The opinions of the federal courts have provided the most extensive analysis. The United States Supreme Court has expressed reservations about evidence of flight: "We have consistently doubted the probative value in criminal trials of evidence that the accused fled the scene of an actual or supposed crime." *Wong Sun v. United States,* 371 U.S. 471, 483 n. 10, 83 S.Ct. 407, 415 n. 10, 9 L.Ed.2d 441 (1963). Responsive to that concern, the Court of Appeals for the District of Columbia has viewed flight as twice removed from direct evidence of guilt. That court recommended an instruction explaining that flight does not necessarily reflect guilt, that jurors may (but need not) consider flight as one circumstance tending to show feelings of guilt, and that they may (but need not) consider feelings of guilt as evidence tending to show actual guilt. *Miller v. United States,* 320 F.2d 767, 773 (D.C.

Cir.1963). In a later case, that court stressed that flight instructions should be used sparingly and should be tempered by instructions explaining that many motives may prompt flight, and thus a jury should use caution before inferring guilt from the fact of flight. *Austin v. United States,* 414 F.2d 1155, 1157 (D.C.Cir.1969). The instruction given in this case would clearly be error in the District of Columbia because it creates too direct a link between flight and guilt of the crime charged.

Apart from their content, flight instructions have also been challenged for the nature and sufficiency of the evidence on which they have been based. Thus, the instruction in *Austin v. United States, supra,* was held inappropriate where the "flight" occurred one day after the crime, the evidence was in conflict on whether the defendant was aware that a police officer was following him, and the defendant did not run, but "walked away at a rapid pace." 414 F.2d at 1156. On the other hand, the District of Columbia Circuit approved a flight instruction that included the possibility of motivation by a variety of factors and a warning not to presume guilt from evidence of flight. The evidence in that case showed that the defendants ran from the scene of the crime and one defendant was shaving off a heavy beard when he was apprehended. *United States v. Honesty,* 459 F.2d 1279, 1280–82 (D.C. Cir.1971). Thus, although the District of Columbia seems to be the circuit most critical of the instruction on flight, even that circuit approves such an instruction when it is balanced and when it is based on clear evidence of contemporaneous flight.

The 11th Circuit, less critical than the District of Columbia Circuit, has upheld a flight instruction similar to the first paragraph of the instruction in this case. *United States v. Borders,* 693 F.2d 1318, 1327–28 (11th Cir.1982), *cert. denied,* — U.S. ——, 103 S.Ct. 1875, 76 L.Ed.2d 807 (1983). However, that instruction contained nothing comparable to the second paragraph quoted above. Instead, it advised the jury that flight can be consistent with innocence, that consciousness of guilt is not necessarily consciousness of guilt of the crime charged, and that they must determine whether the conduct constituted flight and whether flight showed a consciousness of guilt. The evidence in that case showed that the defendant fled his hotel immediately upon learning of the arrest of his alleged co-conspirator. *Id.* at 1324.

Similarly, a 10th Circuit decision requires that flight instructions be adequately supported by the evidence and approves a flight instruction which, though harmonious with the first paragraph of the instruction in this case, contains nothing comparable to the "implied admission" language in the second paragraph. *Bailey v. United States,* 410 F.2d 1209, 1217 (10th Cir.), *cert. denied, sub nom. Freeman v. United States,* 396 U.S. 933, 90 S.Ct. 276, 24 L.Ed.2d 232 (1969).

■ We are satisfied that there was ample evidence to justify an instruction on flight in this case. The evidence of flight was undisputed and consisted of the defendants' running from the scene of the crime immediately after a police officer identified himself and ordered them to stop. This is not a case like *State v. Wrenn,* 99 Idaho 506, 584 P.2d 1231 (1978), or *State v. Jefferson,* 11 Wash.App. 566, 524 P.2d 248 (1974), relied on by defendants, where the actual evidence of flight was slight or contradictory as to its motive. *Cf. State v. Crawford,* 59 Utah 39, 201 P. 1030 (1921).

■ We are also persuaded that the first paragraph of the flight instruction given in this case was acceptable in view of the evidence. It should, however, have incorporated two further ideas. A flight instruction will not be completely free from criticism unless it advises the jury that there may be reasons for flight fully consistent with innocence and that even if consciousness of guilt is inferred from flight it does not necessarily reflect actual guilt of the crime charged.

■ In contrast, we can find no justification for the second paragraph of the flight

instruction given to the jury in this case. Indeed, the State does not even attempt to justify it. So far as we have been able to determine, the idea that flight constitutes an "implied admission" of guilt is not supported by any federal or state decision or by any of the analysis justifying flight instructions.

■ While the giving of the second paragraph of the instruction was error, in the circumstances of this case it was harmless error that did not affect the substantial rights of the defendants. *State v. Brafford*, 663 P.2d at 70; U.C.A., 1953, § 77–35–30(a). Even if there had been no evidence of flight, the eyewitness testimony, one defendant's on-the-scene possession of jewelry taken from the house, and the other evidence provided an ample basis for conviction.

■ 2. Defendants also argue that the trial court erred in rejecting their proffered instruction on the lesser included offense of criminal trespass. Our definitive opinion in *State v. Baker*, Utah, 671 P.2d 152 (1983), which also involved burglary and criminal trespass, interprets our statute as requiring the court "to instruct on the lesser offense only if the evidence offered provides a 'rational basis for a verdict acquitting the defendant of the offense charged and convicting him of the included offense.'" *Id.* at 159 (quoting U.C.A., 1953, § 7–1–402(4)). As we noted in *State v. Crick*, Utah, 675 P.2d 527, 531 (1983), "the evidence must provide a rational basis for *both* acquitting of the charged offense and convicting of the lesser included offense."

The evidence offered in this case did not provide a rational basis for both acquitting the defendants of aggravated burglary and convicting them of criminal trespass. The uncontradicted evidence shows that immediately after defendants were seen leaving the porch area of the victim's home one defendant was carrying jewelry stolen from that home, and there was also evidence that both were carrying firearms. There was no evidence that defendants' entry was with any intent other than to

commit theft. *Compare* U.C.A., 1953, § 76–6–206 (criminal trespass). The court was not obligated to give the defendants' instruction on the lesser offense in this circumstance.

■ 3. Defendants' final point is that the prosecutor committed prejudicial error in closing argument by commenting on the defendants' failure to take the witness stand. As part of a series of "ask yourselves" questions, the prosecutor said: "[I]f the question is did they take guns into the house, ask them, or ask yourselves what did those persons who had the guns do with the guns while they were in the house." Defendants objected out of the jury's hearing, and the trial judge promptly instructed the jury that there had been a misstatement—that they were only to ask *themselves* the questions.

Defendants argue that the prosecutor's comment was specifically designed to call the jury's attention to the fact that the defendants had not testified. The State insists that the prosecutor corrected his slip of the tongue and that the trial judge's curative instruction corrected any possible defect.

We have recently reviewed our law on these issues, noting that a prosecutor may refer to the absence of evidence for the defense, but that he commits constitutional error if his statement is intended or would be construed by a jury as a comment on the accused's failure to testify. *State v. Hales*, Utah, 652 P.2d 1290, 1291 (1982). We also observed that an appropriate objection "would have alerted the court to the advisability of instructing the jury to draw no adverse inferences from the defendant's failure to testify." *Id.* at 1292.

In this case, it is questionable whether the prosecutor's rhetorical "ask them" formulation was intended as a comment on the failure to testify, and it is doubtful that the jury would have so construed it. Furthermore, the judge gave an appropriate curative instruction. While that instruction did not specifically mention the defendants' right not to testify, defendants did not re-

quest such an instruction. Measured against the standard of likelihood of a different result absent the error, the judge-cured prosecutorial misstatement does not constitute prejudicial error.

The convictions are affirmed.

HALL, C.J., and STEWART and DURHAM, JJ., concur.

HOWE, J., concurs in the result.