**STATE of Utah, Plaintiff and Respondent,**

v.

**James F. HOWLAND, Defendant and Appellant.**

No. 860331–CA.

Court of Appeals of Utah.

Sept. 16, 1988.

Lisa J. Remal, Joan C. Watt, Salt Lake Legal Defender Assoc., Salt Lake City, for defendant and appellant.

David L. Wilkinson, State Atty. Gen., Sandra L. Sjogren, Asst. Atty. Gen., for plaintiff and respondent.

Before BILLINGS, DAVIDSON and JACKSON, JJ.

## OPINION

JACKSON, Judge:

James F. Howland appeals his jury conviction for attempted aggravated assault. He raises several points of error, but the dispositive issue is whether the court prejudicially erred in giving a flight instruction to the jury. We reverse and remand for a new trial.

On July 6, 1986, Elliston, the night manager at a McDonald's Restaurant, discovered Howland hiding behind a garbage dumpster in a partially enclosed area at the rear of the restaurant. The manager asked appellant to leave and he refused. As they left the dumpster area, they engaged in a verbal exchange. Elliston claimed Howland then looked at the name tag on his uniform and threatened to find his house and kill his family. Fisticuffs ensued, with conflicting trial testimony from Elliston and Howland over who was the aggressor. Losing the boxing match, Howland took off running toward a nearby store with Elliston in pursuit.

Outside the store, the manager caught Howland. They wrestled and fell to the ground. Elliston placed him in a headlock and held him with his left arm pinned down pending arrival of police. A passenger in a vehicle arriving at the store saw the parties wrestling and falling to the ground. As this witness got out of the car, he saw Howland's free right hand starting to pull a knife from a sheath on his belt. The witness reached them as Howland held the knife five inches out of the sheath. The witness grabbed defendant's wrist and pried the knife out of his hand. At this point Elliston saw the knife for the first time. Howland was still headlocked and on the ground when police arrived and took him into custody.

The trial judge, in his first instruction, informed the jury that Howland was charged with assaulting the manager by threatening to do bodily injury by use of a deadly weapon, the knife, a third degree felony in violation of Utah Code Ann. § 76-5-103 (1978). In another jury instruction, requested by the prosecution, the judge stated:

Intentional flight by a defendant immediately after the commission of a crime is not sufficient in itself to establish guilt, but is a fact which, if proved, may be considered by the jury in the light of all other evidence in the case determining guilt or innocence. Whether or not evidence of flight shows a consciousness of guilt and the significance, if any, to be attached to any such evidence are matters exclusively within the province of the jury.

After the jury retired to deliberate, the court allowed counsel to put on the record their objections to the instructions given.

■ We agree with appellant that it was error to give any flight instruction in this case because no flight occurred after commission of the crime charged.[1] "It seems almost axiomatic that instructions must bear a relationship to evidence reflected in the record, and we cannot enjoy the luxury of sustaining a conviction on trite aphorism unsupported by any kind of evidence." *State v. Pacheco*, 27 Utah 2d 281, 495 P.2d 808, 808 (1972).

■ Howland was charged with aggravated assault. The "aggravating" element, his knife, was not drawn until he was on the ground in front of the store. It is arguable that a simple assault occurred in the initial encounter at the dumpster. But he was not charged with simple assault arising out of that incident, and the jury was not instructed that such was a lesser included offense of the crime charged. Nor was the jury advised that it could return a verdict on simple assault. The other instructions and the prosecution both focused on the knife incident at the store.

---

1. Even if the evidence had supported the giving of this flight instruction, the trial judge should also have advised the jury that (1) there may be reasons for flight fully consistent with innocence, and (2) even if consciousness of guilt is inferred from flight it does not necessarily reflect actual guilt of the crime charged. *See State v. Bales*, 675 P.2d 573, 575 (Utah 1983).

In her summation, the prosecutor argued that "the weapon was clearly involved" and that when Howland brought the weapon out of the sheath, "that is an assault (indicating). And when it is with a deadly weapon it is an aggravated assault."

Thus, as the prosecutor argued, no aggravated assault occurred until the deadly weapon intervened. After that point, Howland was disarmed and turned over to the police. No flight occurred after the assault became aggravated. Running from McDonald's to the store with the manager in hot pursuit, for whatever motive, was prior to commission of the charged crime.

■ Furthermore, we are convinced that defendant's substantial rights were affected by the erroneous instruction. The error was not harmless because there is a reasonable likelihood of a more favorable result for appellant if the flight instruction had not been given. *See State v. Knight,* 734 P.2d 913, 919 (Utah 1987); *see also* Utah Code Ann. § 77–35–30 (1982).

Because of this confusing and unnecessary instruction, the jury was likely misled into believing that the incident at the dumpster area—at most a simple assault and a threat of future harm to persons other than Elliston—met the elements of the crime charged, i.e., aggravated assault. *See State v. Garcia,* 744 P.2d 1029 (Utah App.1987).

Appellant's conviction is reversed and the case is remanded for a new trial.

BILLINGS and DAVIDSON, JJ., concur.