1999 UT App 271

**STATE of Utah, Plaintiff and Appellee,**

v.

**Daniel K. RIGGS, Defendant and Appellant.**

**No. 971012–CA.**

Court of Appeals of Utah.

Sept. 24, 1999.

Lisa J. Remal, Robert K. Heineman, and Ralph Dellapiana, Salt Lake Legal Defender Association, Salt Lake City, for Appellant.

Jan Graham, Atty. Gen., and Laura B. Dupaix, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before WILKINS, P.J., GREENWOOD, Associate P.J., and BENCH, J.

## OPINION

BENCH, Judge:

¶ 1 Appellant challenges his conviction for three counts of automobile homicide and one count of receiving or transferring a stolen vehicle. He asserts that the trial court erred in giving a flight instruction to the jury and in refusing to suppress a statement he made to the police before being Mirandized. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). We affirm.

## BACKGROUND

¶ 2 Appellant was driving a stolen pickup truck late at night when a Utah Highway Patrol Trooper attempted to stop him because the license plates did not match the vehicle. Appellant attempted to evade the officer at a high rate of speed. In the course of the pursuit, appellant drove through a red traffic light and struck a car, killing both passengers in the car and one passenger in the truck.

¶ 3 Appellant was thereafter taken to the hospital where it was determined that his blood-alcohol level was nearly twice the legal limit. Later in the day, an officer went to see appellant concerning threats made against him by the victims' families and to speak with him concerning his version of the events. Appellant, although in custody, had not been informed of his *Miranda* rights when the officer asked him, "Do you remember the accident?" According to the officer, appellant responded that "he knew the car was stolen before the officer turned his lights on and they decided to run from him."

¶ 4 Appellant was charged with three counts of automobile homicide and one count of receiving or transferring a stolen vehicle.

At appellant's request, the trial court severed the automobile homicide counts from the stolen vehicle count. Appellant also moved to suppress the statement he made to the officer at the hospital. In denying the motion, the trial court found that the statement was spontaneous, not the product of interrogation, and therefore admissible.

¶ 5 Among the numerous jury instructions given at trial was a flight instruction. The jury found appellant guilty of three counts of automobile homicide. Appellant then pleaded guilty to the stolen vehicle count, conditioned upon being allowed to appeal the denial of his motion to suppress his statement that he knew the truck was stolen. Appellant appeals both the flight instruction and the denial of the motion to suppress.

## ISSUES AND STANDARDS OF REVIEW

¶ 6 The issues presented for review in this appeal are: (1) whether the trial court erred in giving a flight instruction when the flight occurred before the automobile homicides; and (2) whether the trial court erred in refusing to suppress the statement appellant made to the police before receiving the *Miranda* warnings.

¶ 7 We review the trial court's decision to give a flight instruction for correctness. *See State v. Gibson,* 908 P.2d 352, 354 (Utah Ct.App.1995), *cert. denied,* 917 P.2d 556 (Utah 1996). We review the trial court's factual findings underlying the denial of a motion to suppress for clear error, while the conclusions of law are reviewed for correctness. *See State v. Galli,* 967 P.2d 930, 933 (Utah 1998). However, the trial court's application of the legal standard to the facts should be given a "measure of discretion." *State v. Moreno,* 910 P.2d 1245, 1247 (Utah Ct.App.), *cert. denied,* 916 P.2d 909 (Utah 1996).

## ANALYSIS

### 1. Flight Instruction

¶ 8 The elements of automobile homicide include: (1) operating a motor vehicle

while intoxicated; and (2) causing the death of another in either a negligent or criminally negligent manner. *See* Utah Code Ann. § 76–5–207(1)–(2) (1995).

¶ 9 Appellant argues that the trial court erred in allowing a flight instruction because his flight occurred before the fatal crash. We disagree. Flight instructions are proper when supported by the evidence. *See, e.g., State v. Bales,* 675 P.2d 573, 574–75 (Utah 1983); *State v. Pacheco,* 27 Utah 2d 281, 282, 495 P.2d 808 (1972). Additionally, the instructions must "bear a relationship to evidence reflected in the record." *Pacheco,* 495 P.2d at 808.

¶ 10 The jury in the present case received the following flight instruction:

The flight or attempted flight of a person immediately after the commission of a crime or after that person is accused of a crime that has been committed, is not sufficient in itself to establish the defendant's guilt. However, such flight, if proved, may be considered by you in light of all other proven facts in the case in determining guilt or innocence.

Although consciousness of guilt may be inferred from flight, it does not necessarily reflect actual guilt of the crime charged, and there may be reasons for flight fully consistent with innocence. Therefore, whether or not evidence of flight shows a consciousness of guilt and the significance, if any, to be attached to any such evidence are matters exclusively within the province of the jury.

¶ 11 Appellant argues that the flight instruction bore no relationship to the crime charged because the jury could improperly infer a consciousness of guilt for the fatalities, which occurred *after* the flight. At trial, however, appellant requested that the court give the jury an instruction on the lesser included offense of driving while under the influence. Because the trial court instructed the jury that driving while under the influence is a lesser included offense of the crime of automobile homicide, and advised the jury that it could convict appellant on the lesser offense, the flight instruction bore the necessary relationship to the evidence. *See State v. Howland,* 761 P.2d 579, 580 (Utah Ct.App. 1988).

¶ 12 In *Howland,* the defendant was charged with aggravated assault and the jury was given a flight instruction. *See id.* However, the "aggravating" element did not occur until after the flight. *Id.* This court found that the instruction did not relate to the evidence because the defendant "was not charged with simple assault arising out of the incident, and the jury was not instructed that such was a lesser included offense of the crime charged. Nor was the jury advised that it could return a verdict on simple assault." *Id.* In contrast, the trial court in this case advised the jury that driving while under the influence is a lesser included offense to automobile homicide and that it could convict appellant of that offense. The jury heard testimony that appellant fled from police with a blood-alcohol level of nearly twice the legal limit. Thus, the necessary relationship existed between the flight instruction and the evidence.

¶ 13 Although the trial court did not specifically limit the flight instruction to the lesser included offense of driving while under the influence, the instruction, by its own terms, could not logically be applied by the jury to the automobile homicides. While it may be preferable to narrowly tailor this type of instruction to the appropriate offense, the trial court did not err in giving the instruction.

¶ 14 Accordingly, the flight instruction was proper because the jury was instructed on the lesser included offense, was advised that it could return a verdict on such offense, and the crime of driving while under the influence was factually supported by, and related to, the evidence.

### 2. Custodial Interrogation

¶ 15 Appellant next argues that the trial court erred in not suppressing the statement he made to police before receiving *Miranda* warnings. Appellant asserts that he made the statement in a custodial interrogation without first having been advised of his rights. The State does not challenge the trial court's finding that appellant was in custody when he made the statement to police. Therefore, we need only determine whether the statement was the product of

interrogation. *See Rhode Island v. Innis,* 446 U.S. 291, 300–01, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980) (stating *Miranda* applies to custodial interrogation). Without reading appellant his *Miranda* rights, the officer at the hospital asked, "Do you remember the accident?" Appellant contends that this question constituted custodial interrogation. Given the facts of this case, we disagree.

¶ 16 In *Innis,* the Supreme Court stated that

the *Miranda* safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term "interrogation" under *Miranda* refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response from the suspect.

446 U.S. at 301–02, 100 S.Ct. at 1689–90.

¶ 17 This case does not present an interrogation as defined in *Innis.* At the hospital the officer simply asked appellant whether he remembered the accident. That question is not one the officer should have known was reasonably likely to elicit an incriminating response from appellant. The officer did not question appellant about *what* he remembered from the accident, but only *if* he even remembered the accident. This question was reasonable because appellant had been unresponsive to the officer's questions earlier that day. Moreover, appellant suffered a head injury from the accident, was medicated, and at times appeared tired and groggy. In light of the foregoing, the officer's question, which simply required a "yes" or "no" answer, allowed the officer to ascertain whether appellant "was in a condition to be questioned and capable of giving a valid waiver." *State v. Dutchie,* 969 P.2d 422, 427 (Utah 1998) (upholding officer's use of questionnaire, before Mirandizing suspect, to seek background information and determine whether suspect was capable of giving valid waiver of *Miranda* rights). The officer's question neither sought, nor was reasonably likely to elicit, any incriminating information. Therefore, the trial court did not err in finding appellant's statement to be voluntary, spontaneous, and not the product of interrogation. Accordingly, the trial court properly denied appellant's motion to suppress.

## CONCLUSION

¶ 18 The trial court properly gave a flight instruction to the jury and did not err in refusing to suppress the statement appellant made to police before being Mirandized. We therefore affirm.

¶ 19 WE CONCUR: MICHAEL J. WILKINS, Presiding Judge, and PAMELA T. GREENWOOD, Associate Presiding Judge.