2000 Utah Ct. App. 229

STATE of Utah, Plaintiff and Appellee,

v.

Clayton BURNINGHAM, Defendant and Appellant.

No. 990592–CA.

Court of Appeals of Utah.

July 28, 2000.

Robert B. Breeze, Salt Lake City, for Appellant.

Jan Graham, Attorney General, Catherine McAvoy Johnson, Assistant Attorney General, Salt Lake City, for Appellee.

Before Judges BENCH, BILLINGS, and ORME.

## OPINION

BENCH, Judge:

¶ 1 Appellant Clayton Burningham brought this interlocutory appeal to contest the trial court's denial of his motion to suppress evidence. We reverse.

## BACKGROUND

¶ 2 In October 1997, Garfield County Deputy Sheriff James Perkins learned from a confidential informant that appellant possessed methamphetamine and marijuana at an apartment he shared with his brother and father. At the time, appellant was on bench probation for a previous conviction of criminal mischief and had also entered a plea in abeyance for a separate drug-related crime.[1] The terms of the bench probation required appellant to submit to drug testing at the request of any peace officer.

¶ 3 Deputy Perkins, without securing a warrant, decided to investigate the informant's tip. Aware of the random drug test provision of appellant's bench probation, Deputy Perkins went to appellant's home on multiple occasions to request a urine sample but could not locate appellant. On one such occasion, Deputy Perkins saw appellant in the home, but appellant would not answer the door and the deputy left.

¶ 4 On October 15, 1997, Deputy Perkins finally located appellant at a friend's cabin. The deputy requested that appellant accompany him to his patrol vehicle, where he read appellant his Miranda rights. The deputy then drove appellant down the road to a lodge, again read him his rights, and requested a urine sample. Appellant complied, and his urine sample allegedly tested positive for three controlled substances. Appellant also allegedly admitted to the deputy that he had recently used a controlled substance.

¶ 5 Appellant was charged with three counts of possession of a controlled substance. At trial, appellant moved to suppress the evidence obtained by Deputy Perkins, arguing that both the random search provision of his probation and the deputy's search violated the Fourth Amendment. *See* U.S. Const. amend. IV. The trial court determined, and the State does not contest, that the random search provision of appellant's bench probation was illegal. The trial court upheld the deputy's search of appellant, however, because he was a probationer and the search was supported by reasonable suspicion. This court subsequently granted appellant's petition for interlocutory appeal. *See* Utah R.App. P. 5.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 6 We must determine whether the trial court erred in refusing to suppress the evidence obtained by Deputy Perkins. "We review the trial court's factual findings underlying the denial of a motion to suppress for clear error, while the conclusions of law are reviewed for correctness. However, the trial court's application of the legal standard

---

1. When on bench probation, the probationer is not under the supervision of the Department of Corrections, but is "under the jurisdiction of the sentencing court." Utah Code Ann. § 77–18–1(2)(a)(iii) (1999).

to the facts should be given a 'measure of discretion.'" *State v. Riggs,* 1999 Utah Ct. App. 271, ¶ 7, 987 P.2d 1281 (citations omitted).

## ANALYSIS

¶ 7 Appellant argues that because Deputy Perkins was a police officer (and not a probation officer), he was required to abide by the "Fourth Amendment's usual warrant and probable cause requirements." We agree.

¶ 8 The Fourth Amendment provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause...." U.S. Const. amend. IV. The United States Supreme Court has also determined, however, that a "State's operation of a probation system ... presents 'special needs' beyond normal law enforcement that may justify departures from the usual warrant and probable-cause requirements." *Griffin v. Wisconsin,* 483 U.S. 868, 873–74, 107 S.Ct. 3164, 3168, 97 L.Ed.2d 709 (1987). Thus, probationers have a lesser degree of constitutional protection against searches and seizures than do ordinary citizens. *See id.* at 874, 107 S.Ct. at 3169 (stating probationers "do not enjoy 'the absolute liberty to which every citizen is entitled, but only ... conditional liberty properly dependent on observance of special [probation] restrictions'") (alterations in original; citation omitted).

¶ 9 The Utah Supreme Court has determined the protection to be afforded a parolee requires that the parole officer have "reasonable grounds for investigating whether a parolee has violated the terms of his parole or committed a crime." *State v. Velasquez,* 672 P.2d 1254, 1260 (Utah 1983) (footnote omitted); *see also State v. Martinez,* 811 P.2d 205, 209–10 (Utah Ct.App. 1991) (adopting parole reasonable suspicion standard of *Velasquez* to probation context). The *Velasquez* court further held that "[a]lthough [probationers] have diminished Fourth Amendment rights as to searches by [probation] officers, that does not mean that police officers may engage in warrantless searches and seizures as to [probationers] on the same basis as [probation] officers." 672 P.2d at 1262; *see also State v. Davis,* 965 P.2d 525, 530 (Utah Ct.App.1998) (providing police officers cannot use probation officers as means of evading necessity of procuring warrant prior to search), *cert. denied,* 982 P.2d 88 (Utah 1999). Therefore, while a probation officer's search need only be supported by reasonable suspicion, police officers are required to abide by the usual warrant and probable cause requirements of the Fourth Amendment. *See, e.g., Velasquez,* 672 P.2d at 1262; *Davis,* 965 P.2d at 530.

¶ 10 The undisputed facts of this case clearly demonstrate that Deputy Perkins is a police officer and not a probation officer. Moreover, Deputy Perkins acted solely as a police officer when his search, supported only by reasonable suspicion, allegedly uncovered evidence of illegal drug activity. We recognize the State's concern that our judiciary does not have investigative officers to ensure compliance with bench probation. We also understand that some areas of our state have very few probation officers. These concerns may justify a judge's request for help from the police to investigate a possible probation violation. In this case, however, there is no indication that the judge was aware of appellant's possible probation violation and requested Deputy Perkins's investigation. Simply put, the State cannot argue that Deputy Perkins acted as a probation officer when he investigated appellant. Thus, the search—supported only by reasonable suspicion—violated appellant's Fourth Amendment rights.

## CONCLUSION

¶ 11 Appellant's Fourth Amendment rights were violated when Deputy Perkins, acting as a police officer, seized evidence from appellant without probable cause. We therefore reverse and remand for further proceedings consistent with this opinion.

¶ 12 WE CONCUR: JUDITH M. BILLINGS, Judge, and GREGORY K. ORME, Judge.